## WOODWARD & al. versus WARE & al.

By R. S., c. 115, § 12, in actions of contract, pending in court, the plaintiff may, on motion, amend his writ, by inserting the names of other persons, as defendants, and service being made upon them, such additional defendants *shall be deemed parties to the suit*, and *may plead to the action accordingly.*

In a suit on a joint and several promissory note, commenced against the principal alone, and under this section *amended* by making the surety a party *after* six years from the time the cause of action accrued; such surety may interpose the limitation bar to prevent a recovery against him.

Whether the statute of limitations could be made available, by a party thus made a defendant by amendment, where the *contract* sued was incapable of being *severed, quere.*

ON FACTS AGREED.

ASSUMPSIT on two promissory notes, dated December 1st, 1846, and signed P. M. Ware, principal, S. W. Weston, Stephen Webber, sureties, one payable in three, the other in six months from its date.

The writ, dated Nov. 14, 1851, was made against Ware, alone, and service made, and the action entered at the late District Court, December term, 1851. The action was continued from term to term, until the November term of the Supreme Judicial Court, for 1853, when leave was obtained to amend the writ by the insertion of the names of the sureties, as defendants, which was done, and in Feb. 1854, service thereof was made upon them.

At the following March term, Webber appeared and pleaded the statute of limitations. Weston did not appear.

As to Webber's liability, the question was submitted to the determination of the Court.

*Chadwick,* for defendant.

*Danforth & Woods,* for plaintiff.

CUTTING, J.— Had the action been commenced against either of the sureties, instead of the principal, within the six years after the notes had become due, and judgment had been recovered and satisfied, then according to the decisions in *Crosby* v. *Wyatt,* 23 Maine, 156, and *Odell* v. *Dana,* 33 Maine, 182, cited by the plaintiffs' counsel, such judgment debtor might seek contribution of his co-surety, or the whole amount of the principal, notwithstanding the six years had elapsed. But such a principle is not involved in the case now under consideration.

Revised Statutes, c. 115, § 12, provides, that "in any action on contract, express or implied, the plaintiff may, on motion, amend his writ, by inserting therein the names of any other person or persons as defendants, and the Court may order a copy of the writ, and the order of the Court thereon indorsed, to be served on such additional defendant, and his property to be attached in the same manner, as in case of original writs; and on return of such service and attachment, if any shall be made, such additional defendant or defendants shall be deemed parties to the suit, and may plead to the action accordingly."

By virtue of this section the plaintiffs, by leave of Court, have amended their writ, by inserting the names of two other defendants, who appear to have been sureties on the contracts sued; one of whom appears and pleads the statute of limitations. It further appears, that the amendment was made more than six years after the notes had become due; and the question presented is, whether under the circumstances such plea can be available under the twelfth section; or in other words, whether the original suit can be said to have been legally commenced against the sureties at the time of its date.

Woodward *v.* Ware.

It is a rule of law, that a statute of doubtful import, is to be expounded, not according to the letter, but according to the intention of its makers, and so as to reach all cases within the mischiefs to be remedied. At common law a suit might be abated for non-joinder of all the joint contractors, if within the jurisdiction. And it not unfrequently occurred, that the plaintiffs failed in their suits for such cause, especially in actions against partners, where it was difficult to ascertain all the members of the company; and thus a party, having a good cause of action and guilty of no apparent negligence, often, instead of recovering judgment, was himself compelled to pay an execution for costs. Such was the mischief, and this twelfth section was intended as a remedy. And in such cases, where the claim is prosecuted substantially against the company, we would not say, that any member of it, not originally sued, might not be cited in and made a party and subjected to the same liabilities, as though his name had been originally inserted in the writ. Such construction would give to the section its full force and effect, without militating in any degree against the legal maxim, that *"the laws assist those who are vigilant, not those who sleep over their rights."*

But in such contracts there can be no severance, whereas in this case a question of a different character is presented. This suit is brought on notes, wherein the promisors obligate themselves jointly and severally to pay at certain specified times; on which it was optional with the plaintiffs to have sued them jointly or severally; they selected the latter mode and brought their suit against the one, who was the principal in the notes. They might at the same time have included the others in the suit, or have commenced separate suits against them, but they saw fit to sever the contracts, and after the statute of limitations had barred their claim against the sureties, they now seek to associate them with the principal in their original writ, and thus avoid the statute's otherwise legal operation. The insertion of other defendants in the writ was an *ex parte* pro-

ceeding, and although it seems to have been authorized by the letter of the statute, yet, as before intimated, doubts may be entertained, whether in all cases it was so intended. Until the additional defendant's name is inserted, and service of the amended writ made upon him, he is not deemed such a party to the suit as would authorize him to plead to the action; consequently, he can be guilty of no *laches* in not opposing such preliminary proceedings. But when duly in Court, it is contended he is subjected to the same rules of pleading as an original defendant. If so, he is placed in a worse position, than he would have been, had his name been originally in the writ, for he would lose his right to file certain motions and pleas in abatement, which can be done only at the term, when the action is first entered. We think that such is not the true construction of the 12th section. Although it provides, that "such additional defendant or defendants, shall be deemed parties to the suit," it does not say, that they shall be deemed *original* parties. It further provides, that "they may plead to the action accordingly." This language is not imperative, that the plea shall have relation only to the date of the writ, if so, it could be only by means of a fiction, which the law never tolerates to work injustice.

We perceive nothing in that section designed to affect the statute of limitations, and we are not at liberty to affect it by construction. The contracts were capable of a severance, and they were severed by the voluntary act of the plaintiffs, and if, afterwards, they saw fit to join all the promisors in their writ, instead of bringing separate suits, they can avail themselves of no other right than they would have had, if they had pursued the latter remedy. Neither should the defendants be debarred from setting up the same defence. Consequently Webber must be discharged.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.