# Moore's Adm'r *v.* Alvis *et al.*

### Bill to Enforce Vendor's Lien.

1. *Amendment; right of under, § 3356 of Revised Code.*—Although section 3356 of the Revised Code, upon the allowance of amendments to bills, omits the words "*to meet the justice of the case*," found in the third section of the act "amendatory of the proceedings in chancery," (Acts 1857-8, p. 230), the right of amendment is fully as extensive now, as it was under the provisions of the statute of 1858.

2. *Amendment; what does not make new case.*—Where the original bill shows a sale of lands, and execution of bond to make title to defendant, his entry under the purchase, and execution of a note therefor, reciting that it was given for the purchase money of the lands, and a failure to pay it, and prayed a sale to enforce the vendor's lien; an amendment that defendant, being previously indebted to him, gave the note mentioned, and made a deed absolute of the lands described in it, to complainant to secure the note; whereupon the latter, as part of the transaction, gave defendant a bond to make title on payment of the note, and averring that the transaction constituted the deed a mortgage, and praying its foreclosure by sale of such lands—is not a departure, and does not make a new case.

3. *Overruled case.*—The case of *Winter v. Quarles*, 43 Ala. 693, so far as it conflicts with the principles declared in the present case, is overruled.

APPEAL from Lee Chancery Court.
Heard before Hon. N. S. GRAHAM.
VOL. LIV.

The original bill in this cause was filed by Spencer Moore against George W. Alvis, to enforce a vendor's lien on a tract of land situate in Lee county, known as the southeast quarter of section 18, township 19, range 24.

It is alleged that complainant sold the land to Alvis, taking his promissory note therefor, which recited that it was given for the above described land; that he gave him bond conditioned to make title, upon payment of the purchase money; that Alvis went into possession under the purchase, and so continued, and that the purchase money is due and unpaid, &c. Alvis answered, setting up, by way of plea, that he had made application to be declared a bankrupt by the United States Court, including in his schedule of debts the notes given for the land, but had not received a final discharge. He also suggested that he was residing on the lands with his wife and family, whose names he set forth, and averred that they should have been made parties. He denied that the notes were given for the purchase money of the land, or that he had bought them from Moore, and stated, on the contrary, that the facts of the transaction were as follows: He was indebted to complainant for money borrowed in the year 1859, and, after the war, Moore proposed if he would make a deed absolute to the lands to secure the debt, he (Moore) would give him an extension of the debt and execute bond to convey title to the lands to him (Alvis) when the amount of the note was paid in full. Moore had never been in possession of the lands, but defendant had owned and occupied them for more than twenty years, and still remained in undisturbed possession. The note mentioned, was made to recite that it was given for the purchase money of this land, in pursuance of said agreement. It was also stated in the answer, that the lands were worth more than the amount of the debt, and that one Pennington, assignee in bankruptcy of Alvis, was interested in them and should be made a party defendant.

Moore having died, his administrator and heirs were made complainants in his stead, and by leave of court amended their bill, "withdrawing every statement in the original bill inconsistent with the following amendment." The amendment alleges the transaction, as stated in the answer of Alvis, and avers that as part of the transaction in which the note was given, Alvis and his wife executed and delivered to Moore a deed to the lands, together with the promissory note mentioned, and thereupon Moore executed his bond to make title to the lands when the note was paid in full. It was alleged that the deed, under the circumstances, stood as a mortgage and lien upon the lands for the payment of the note, and it

[Moore's Adm'r v. Alvis et al.]

is prayed that it may be so declared, and that it be foreclosed to satisfy said debt. Alvis and his wife were made defendants to the amended bill. The original bill had already been amended by making Pennington, the assignee, a defendant. The cause was submitted for decree on the demurrer of George Alvis to the original and amended bills, on the ground, among others, that the amended bill is a departure from the case made by the original bill, and makes a new case. The chancellor sustained the demurrer and dismissed the original and amended bills, without prejudice, &c. This decree is now assigned as error.

W. H. BARNES, for appellant.—The amendment should have been allowed.—*Cain v. Gimon*, 36 Ala. 168; 37 Ala. 169; 33 Ala. 57; 43 Ala. 489. Section 3356 of the Revised Code certainly authorized the amendment.

G. W. GUNN, *contra.*—The decisions cited by the appellant were made under the act of 1857, which was more liberal in the allowance of amendments than the law now in force. Section 3356 of the Revised Code omits the words contained in the former act, "*to meet the justice of the case,*" thus showing an intention to restrict the right of amendment. The amendment plainly made a new case.—*Winter v. Quarles,* 43 Ala. 697.

STONE, J.—In *King and Wife v. Avery,* 37 Ala. 169, we construed the third section of the act "amendatory of the proceedings in chancery," (Pamphlet Acts 1857-8, p. 230.) We then held, that "any amendment of a bill, either as to parties or averments, which may become necessary to meet the justice of the case, or to meet any state of proof that will authorize relief, must be allowed by the chancellor." We held, however, that an amendment which effected an *entire change* in parties, either complainant or defendant, would not be allowed. Neither would it be allowable to so change the averments of the bill as to make a change of the cause of action. This would be a departure, and would make a new case.—See *Penn v. Spence et al.,* at present term. We think we may safely affirm that the legislature, in the statute we are construing, intended to make the rule of amendments in chancery conform substantially to the rule theretofore declared, governing amendments of pleadings in suits at law.—Rev. Code, §§ 2809–10.

We do not think that by the omission of the words, "to meet the justice of the case," section 3356 of the Revised Code is rendered less comprehensive than section three of

the act of 1858, *supra*. The words in the statute, "to meet any state of evidence which will authorize relief," are retained. If any difference, these are more comprehensive than the omitted clause. They require the court to allow amendment, whenever, with such amendment, the evidence will authorize relief, without any reference to the "justice of the case." It would not be a forced construction to hold that the omitted clause was restrictive in its character. If such be the true construction, then the following would be a legitimate paraphrase: Amendments must be allowed, to meet any state of evidence which will authorize relief, provided the *justice* of the case will authorize such amendment. This would bring a new element—justice *inter partes*—into the question of allowing amendments. We content ourselves, however, with declaring that the right of amendment under section 3356 of Revised Code, is quite as extensive as it was under the third section of the act of 1858.

We do not think the amended bill, in the present case, made a new case. It simply amplified the facts, and expressed, in detail, the precedent negotiations by which the parties reached the result shown in the original bill. The complainant's rights and remedies under the original bill were the same, and against the same party, as they are in the amended bill. Each presents a case of debt from Alvis to Moore, evidenced by the same promissory note, with a lien on one and the same tract of land for its security, to be enforced in equity, by a suit conforming in every respect to a suit to enforce a vendor's lien. In fact, the parties by their contract seem to have intended to give the transaction that shape. Their writings constitute an executory sale of land by Moore to Alvis, with ordinary bond to make title. In the absence of all extrinsic facts, the writings make a plain case for a bill by vendor to enforce a lien for the purchase money. The amendment should have been allowed.

We are aware that in the case of *Winter v. Quarles*, a principle is declared that is not in harmony with these views. To the extent of such conflict, that case is overruled.—See 43 Ala. 693. The case of *McKinley v. Irvine*, 13 Ala. 681, was decided before the enactment of the statute of 1858, and is not governed by its provisions. Still, we regard that case as having carried principle to its utmost tension.

The decree of the chancellor, sustaining the demurrer to the bill as amended, is reversed, and the cause remanded.