# Adams *v.* Phillips, Ex'rx.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Amendment to bill in equity ; relation to commencement of suit.*—The rule is general, in a court of equity, that an original and amended bill is to be regarded simply as an entirety, constituting but one record, the amended bill relating back to the filing of the original bill ; but this doctrine of relation, being a fiction of law intended to promote the administration of justice, is never permitted to operate so as to prejudice the right, or to work injustice.

2. *Same.*—If, in the exercise of the right of amendment, new matters or claims are asserted, not within the *lis pendens*, if the amendment is not merely and strictly remedial, curing a defective or imperfect statement of the cause of action in the original bill, or merely ·modifying or varying its allegations, the matter or claim introduced by the amendment will not be referred to the filing of the original bill, to the prejudice or injury of the parties against whom the amendment is made ; but if the amended bill asserts the same title, seeks the same relief, corrects only an erroneous statement of the cause of action in the original bill, or supplies a defective statement, not introducing any new matter or claim, it relates back to the filing of the original bill.

3. *Same.*—A demurrer to an original bill, filed to enforce a vendor's lien on land, having been sustained on the ground, that the contract of sale affirmatively appeared to be within the statute of frauds (it resting, according to the averments, in parol merely, and possession under it only being averred), an amendment seeking to avoid the statute of frauds

[Adams v. Phillips, Ex'rx.]

by the additional averment of a contemporaneous part payment of the purchase-money, being strictly remedial of an imperfect statement in the original bill of facts attending the making of the contract, relates back to the filing of the original bill, although the effect of such relation is, to take the complainant's demand without the bar arising from the lapse of time, if computed from the filing of the amendment.

APPEAL from Elmore Chancery Court.

Heard before J. M. FALKNER, Esquire, acting as Special Chancellor.

The facts are sufficiently stated in the opinion.

PARSONS & KELLY and WATTS & SON, for appellants.

JOHN A. TERRELL, contra.

BRICKELL, C. J.—The bills, original and amended, are filed to enforce the lien of a vendor on lands for the payment of the purchase-money. The cause was before the court at a former term, on appeal from a decree of the chancellor over-ruling a demurrer to the original bill, assigning as a cause that by the bill it was affirmatively shown the contract, or agreement of the purchaser to pay the purchase-money, was within the statute of frauds.—*Phillips v. Adams*, 70 Ala. 373. The decree was reversed, and the cause remanded; and in the court of chancery the amended bill was filed, alleging, in addition to the facts stated in the original bill (the making of the contract by the purchaser verbally, and that under it he was let into possession), the contemporaneous part payment of the purchase-money. Upon a final hearing, the bill was dismissed, upon the specific ground, that as more than twenty years had elapsed after the purchase-money was due and payable, before the institution of the suit to enforce the lien, during which period no recognition or admission of the debt by the purchaser was shown, the demand was stale, and incapable of enforcement. The hypothesis of the decree, however correct in point of law, is untrue in point of fact, if the lapse of time is to be computed from the day the purchase-money was payable to the filing of the original bill; but it is true, if the time is to be computed to the filing of the amended bill, and the filing of the original bill did not arrest or interrupt its running.

The rule is general, in a court of equity, that an original and amended bill are to be regarded simply as an entire bill, constituting in fact but one record. So far as the equity of the bill is involved, the amended bill has relation to the commencement of suit by the filing of the original bill.—*Blackwell v. Blackwell*, 33 Ala. 57; *Crews v. Threadgill*, 35 Ala. 334; *Cain v. Gimon*, 36 Ala. 168. This is a fiction of law, intended

VOL. LXXV.

to promote the administration of justice, and is never permitted to operate so as to prejudice the right, or to work injustice. It is the proper office of an amended bill to introduce new parties defendant to a pending suit in equity—parties who would not have been bound by a decree therein rendered in their absence. It would be gross injustice, if the relation of the amended bill to the commencement of suit was allowed to operate so as to deprive them of any substantial, meritorious defense, which would be available in bar of a new, distinct, independent suit. *Miller v. McIntyre*, 6 Peters, 61; *Woodward v. Ware*, 37 Me. 563. The present statute of amendments is broad and liberal, allowing to a complainant, as matter of right, at any time before final decree, to file an amended bill, "to meet any state of evidence which will authorize relief."—Code of 1876, § 3790. The only limitation upon the right of amendment, as the statute has been construed, is, that there must not be a radical departure from the cause of action upon which the original bill is founded, nor must a case entirely new be introduced, nor an entire change of parties wrought. Within this limitation, the right to amend is co-extensive with the errors, omissions, defects, or imperfections, existing in the original bill, which, if not cured, would prevent the complainant from obtaining relief to which he may be entitled.—*Pitts v. Powledge*, 56 Ala. 147; *Moore v. Alvis*, 54 Ala. 356. But if, in the exercise of the right of amendment, new matters or claims are asserted, not within the *lis pendens*; if the amendment is not merely and strictly remedial, curing a defective or imperfect statement of the cause of action in the original bill, or merely modifying or varying its allegations; the matter or claim introduced by the amendment will not be referred to the filing of the original bill, to the prejudice or injury of the parties against whom the amendment is made. In *King v. Avery*, 37 Ala. 173, which was decided very soon after the enactment of the statute, and which is recognized as the leading authority upon the point now under consideration, the court said: "If, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute (of limitations), until the time that the new claim is presented; because, until that time, there was no *lis pendens* as to that matter, between the parties. On the contrary, if the amendment set up no new matter or claim, but simply vary the allegations as to a subject already in issue, then the statute will run only to the filing of the original bill."

The amended bill introduced no new matter or claim, not asserted in the original bill, and which was not within the existing *lis pendens*. There is no variation of the title of the

[Loeb & Bro. v. Drakeford.]

complainant; each bill is founded on the same contract, and seeks the same relief. The amended bill introduced no new fact, other than the part payment of the purchase-money, which withdraws the contract from the operation of the statute of frauds. In truth, the amendment is strictly remedial of an imperfect statement in the original bill of facts attending the making of the contract. Before the statute, under the general rules of chancery practice, the amendment would have been allowed, as matter of right, at any time before issue joined, and subsequently at any time before final decree, in the exercise of the discretion of the court. An amended bill, asserting the same title, seeking the same relief, correcting only an erroneous statement of the cause of action in the original bill, or supplying a defective statement, is not to be regarded as introductive of *new matter*, or a *new claim*. It performs the proper office of an amended bill, as recognized in a court of equity. Such being the character of the amendment, it had relation to the filing of the original bill; and it is from that period only the bar of the complainant's demand, arising from the lapse of time, can be computed.

The questions suggested by counsel, as to the admissibility or effect of the evidence, do not seem to have been considered by the chancellor, are not probably within the assignments of error, and we are not inclined to pass upon them.

Let the decree be reversed, and the cause remanded.