# Ivy Coal & Coke Co. *v.* Long.

## *Action of Assumpsit.*

1.  *Pleading and practice; when amendment constitutes a departure.*—Where the original complaint in an action of assumpsit contains the common counts and the plaintiff seeks to recover as transferee, alleging that the sum claimed is due by an account stated between the defendant and the transferror, which said account had been transferred to the plaintiff, a count added by amendment, in which the plaintiff claims the amount sued for as due from the defendant on an account stated between the plaintiff and the defendant, is a departure from the original cause of action, and upon proper motion should be stricken.

2.  *Action of assumpsit; sufficiency of plea.*—In an action of assumpsit, where the complaint contains the common counts, a plea which avers that the contract sued on is void for that it was with reference to the sale of lands and was not in writing, and no note or memorandum thereof expressing the consideration was in writing or subscribed by the person or some person authorized by him, is insufficient as a defense and subject to demurrer.

3.  *Pleading and practice; defense under general issue in action of assumpsit.*—In an action of assumpsit, where the plaintiff seeks to recover upon an account stated, it is error without injury for the court to sustain a demurrer to a plea setting up a want of consideration, since in such an action, under the plea of the general issue, the defendant can have the benefit of the same evidence which would have been sufficient to sustain the special plea.

4.  *Action to recover commission for sale of land; what necessary for recovery.*—In an action brought to recover commissions agreed to be paid for negotiating and effecting a sale of land, performance on the part of the agent of his contract by making the sale is prerequisite to his right to compensation; and unless this is shown there can be no recovery.

5.  *Action on account stated; there must be consideration.*—In an action upon an account stated, to authorize recovery there

must be shown a consideration to support the promise relied on; and if there is shown to be no consideration for the al·leged promise, the plaintiff is not entitled to recover.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. H. ALSTON.

This was an action of assumpsit instituted on September 13, 1899, by the appellant, Ivy Coal & Coke Company, against the appellee, B. M. Long, in which the plaintiff as transferee of one Walter Moore seeks to recover of the defendant a balance due on account for commissions for services rendered by said Walter Moore to the defendant in the negotiations of a sale of a large body of land belonging to the defendant.

The complaint as originally filed contained seven counts, which were in the statutory form of common counts claiming $3,958.94. The plaintiff amended its complaint by adding an 8th count, in which it claimed of the defendant the sum of $4,423.69 "due from him on an account stated between the plaintiff and defendant on, to-wit, December 3, 1898," etc. The defendant moved to strike the 8th count from the complaint, upon the ground that it was a departure from the original cause of action. This motion was sustained, the plaintiff duly excepted.

To each of the accounts of the complaint the defendant pleaded the general issue and also pleaded the following special plea: "2d. Defendant further says that the contract sued on in this action is void, for that it was with reference to the sale of lands and was not in writing, and no note or memorandum thereof expressing the consideration is in writing and subscribed to by defendant, or some other person by him thereunto lawfully authorized in writing." The plaintiff demurred to the 2d plea, upon the grounds that there was no averments in said plea that the basis of the suit was a contract for the sale of lands, which was not in writing, nor that the purchase money or a portion thereof had not been paid, and that the plea fails to aver that no note or memorandum expressing the consideration was made by the party to be charged therewith. The demurrer was overruled. There

were many other special pleas and demurrers thereto, but under the opinion on the present appeal, it is unnecessary to set them out in detail. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

During the examination of Walter Moore as a witness, he was asked several questions relating to the negotiations between the purchasers of the land, the plaintiff and himself, and was asked also several questions relating to the transaction as it was consummated. The plaintiff separately objected to each of these questions, and separately objected to the court overruling its objection.

During the examination of H. W. Long, a witness for the defendant, he testified that he was a son of the defendant, and he was asked several questions as to what interest the purchasers had in the land, and as to what induced the defendant to make the sale which was finally consummated. The plaintiff separately objected to each of these questions, and separately excepted to the court overruling each of such objections.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted: (17.) "I charge you, gentlemen of the jury, that if you believe there was a stated account between the plaintiff and defendant in this case, that this fact would not preclude the plaintiff from showing that either that the said account was either incorrect or void for want of consideration." (20.) "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that either Walter Moore or the plaintiff accepted the $1,500 paid on this claim by the defendant in full settlement of the claim here sued on, then your verdict should be for the defendant." (21.) "I charge you, gentlemen of the jury, that if you believe from the evidence that Captain Long only greed to play Walter Moore any amount in the event Moore effected a sale of the lands, then Moore can not recover unless he did sell the lands." (22.) "I charge you, gentlemen of the jury, if you believe from the evidence that Captain Long told Walter Moore in Birmingham prior

to the sale of the lands mentioned in this suit,, that be, Captain Long, was in a tight and had to raise about forty thousand dollars, and if he, Walter Moore, would sell his Horse Creek lands amounting to about 11,000 acres at and for the price of $11.00 per acre, that he would give him $2,500, and that Walter Moore failed to sell the lands upon the terms and conditions as agreed by them, the plaintiff cannot recover and you must find for the defendant, unless you further find from the evidence that there was a modification of the contract as originally agreed upon." (23.) "I charge you, gentlemen of the jury, that in order for the plaintiff to recover a commission of 50 cents per acre for selling the lands in question, you must believe from the evidence that every condition of the contract as to the price for which the said lands were to be sold and the terms of the sale were fully complied with by the said Walter Moore." (24.) "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the claim of Walter Moore against the defendant in this case and sued on in this case was absolutely and clearly unsustainable at law or equity, its compromise would constitute no sufficient legal consideration, and any promise of the defendant afterwards made either to Walter Moore or the plaintiff in this case made in a spirit of compromise would be void for want of consideration."

There were verdict and judgment for the defendant. Plaintiff appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN J. MOORE and COLEMAN & BANKHEAD, for appellant.—An account stated may be impeached for *fraud, mistake or errors,* the burden of proof being upon the party impeaching.—1 Amer. & Eng. Encyc. of Law, 460; 6 *Ib.* 680; *Ware v. Manning,* 86 Ala. 238.

The consideration for the express or implied promise, essential to an account stated, is said to be the stating of the account.—*Cocking v. Ward,* 1 Com. Bench 858; 1 Am. & Eng. Ency. Law, (2d. ed.) 455; *Dunbar v. Johnson,* 108 Mass. 519. A plea which sets up "that if de-

fendant ever consented or agreed to pay plaintiff as alleged, the said promise or agreement is void for want of consideration," is not sufficient without averments showing facts which if true would invalidate the accounts stated.—*Ernst Bros. v. Hollis,* 86 Ala. 511; *Christian v. Ins. Co.,* 101 Ala. 634.

In a suit on an "account stated" the plea of want of consideration, if allowed at all, must go further than to say "that the stated account sued on is without consideration," and must contain averments of a state of facts which if true amount in law to *fraud, error, mistake,* or show an account founded on an illegal transaction. *Dunbar v. Johnson, supra; Christian v. Ins. Co., supra;* 2 Greenleaf, § 127.

McCOLLUM & McGREGOR, *contra.*—A broker or real estate agent is not entitled to compensation until he has procured and produced a purchaser who is able, ready and willing to purchase the property on the terms specified, and has been accepted by the vendor.—*Birmingham Land & Loan Co. v. Thompson,* 86 Ala. 146; *Sayre v. Wilson & Ingram,* 86 Ala. 151; *Henderson v. Vincent,* 84 Ala. 99; 2 Amer. & Eng. Encyc. of Law, p. 586 and notes.

If an agent's authority is revoked, or if he fails to effect a sale, he is not entitled to compensation.—*Chambers v. Seay,* 73 Ala. 372.

Where an agent's authority to sell lands upon certain terms is revoked, and thereafter the owner in good faith sells said lands upon terms less favorable to himself to one who had declined to purchase from the agent, such agent is not entitled to commission.—*Bailey, McConnell & Howard v. Smith,* 103 Ala. 641.

SHARPE, J.—In each of the seven counts of the complaint as first filed, the cause of action was declared on as one which had accrued to Walter Moore, and which had subsequent to its accrual become the property of the plaintiff. The eighth count filed as an amendment to the complaint declared as upon an account stated immediately between the plaintiff and defendant inde-

pendent of any transaction with Moore. The cause of action so introduced by the eighth count was apparently different and distinct from any originally described in the complaint, and, therefore, the striking out of that count was not erroneous.—*Semple v. Glenn,* 91 Ala. 245; *Mahan v. Smitherman,* 71 Ala. 563.

The judgment overruling the demurrer to plea 2 was erroneous. A contract "with reference to the sale of lands" might be constituted of an employment of one to sell land for another; and such a contract not being one for the sale of land, would not be offensive to the statute of frauds because not in writing.

The other special pleas were unnecessary, and the rulings on demurrers thereto are inconsequential. This because the matter therein set up were subjects of proof under the general issue pleaded to each count of the complaint, and proof which would have sustained such special pleas would have been sufficient to sustain the plea of the general issue. This is true even as to the want of consideration pleaded to the declaration on an account stated. A promise, express or implied, is the basis of every cause of action enforceable in assumpsit, and every promise to amount to a cause of action must be supported by a valuable consideration. An account stated involves a promise, express or implied, to pay a real indebtedness agreed upon as due. The consideration which places such promise on the plane of a contract is the agreement of one party, for the agreement of the other, that a certain amount and that only is due on the matters embraced in the settlement, wherefrom the law raises a new obligation on the part of the one against whom the balance stands to pay that balance. In the absence of any original pecuniary obligation there can be nothing to settle or to merge into an accounting, and hence a promise to pay a claim not founded on such obligation, though it purport to be made as upon an account stated, is not conclusive and may be shown to be without consideration.—*Christian v. Niagara Fire Insurance Company,* 101 Ala. 634; *Rice v. Schloss,* 90 Ala. 416.

As appears from the bill of exceptions the suit grows out of an agreement between Moore and the defendant looking to a sale of coal land belonging to the latter. The terms of that agreement rest in parol and are to be gathered from conflicting evidence consisting chiefly of testimony of Moore given in plaintiff's behalf and of the defendant given in behalf of himself. Moore testified among other things: "I am connected with the Ivy Coal & Coke Company, plaintiff in this cause, in the capacity of general manager. I have been general manager four or five years. I know the defendant B. M. Long and have known him fifteen years. I was employed by Captain Long to sell the 11,000 acres of land in the latter part of 1897 or middle part of January, 1898. I don't remember dates. I was employed by Captain Long to make a sale of the land. There was an agreement as to the commission, but it was not in writing. Captain Long proposed to pay me 50 cents per acre if I would take hold of this land and negotiate a sale. He said he had been dealing with some of his people and had been unable to consummate a deal, and if I would take my people in the deal he would sell the land for $11.00 per acre and pay me 50 cents per acre as commission to sell the land. I made an agreement that I was to interest my people, the Ivy Coal & Coke Company, in the purchase of lands in conjunction with his Georgia people, Messrs. Holderness, Stewart, Manderville, and some other people the names of whom I do not remember." Besides stating in detail certain negotiations between the plaintiff company and the persons spoken of as the Georgia people Moore further testified as follows: "With reference to my procuring the Ivy Coal & Coke Company to go into this deal, Captain Long made the statement that he had been unable to sell his land, and that the Georgia people were well acquainted with Mr. B. F. Moore, and if I could get Mr. Shackelford to join with Mr. B. F. Moore and myself, or the Ivey Coal &'Coke Company to join in the matter, that he believed we could interest the Georgia people as they had great confidence in Mr. B. F. Moore, and for doing this he would pay me 50 cents per acre as

commission on the price of $11.00 per acre for the land." Defendant's testimony tended to show that in January, 1898, when contemplating a sale to persons in New York, he told Moore he would give him $2,500 to sell the land; that he made no agreement to pay Moore 50 cents per acre in case the plaintiff company would join the Georgia people in a purchase, or authorizing him to sell only a half interest in the land; that Moore failed to negotiate a sale and in March, 1898, he, the defendant, sold to the Georgia people for $9.00 per acre, whereafter, upon claim being made by plaintiff for services, he denied indebtedness, but wishing to free himself from obligation of Moore he gave to plaintiff property valued at fifteen hundred dollars as a gratuity. The evidence further tended to show that Holderness and his associates bought from defendant and procured from him a conveyance of the land entire to the Georgia-Alabama Coal Company, a corporation newly formed by them and defendant, and that pursuant to an agreement previously had between defendant, Holderness and associates and plaintiff, the latter bought from the new corporation a half interest in the land and also acquired a further interest in the land by lease. Plaintiff, thereafter as transferee of Moore, rendered to defendant a written statement in the form of an account purporting to show a balance due from him as commissions on the land amounting to $4,423.69, and some testimony tends to show that the defendant did not object to that statement.

Charges 22 and 23 each go upon the theory that a performance by Moore on his part of the contract was a prerequisite to his right to compensation under the terms thereof and to a recovery. These charges may not be above criticism, but considered in application to the evidence, they do not appear to have involved error since there was no proof from which the value of any services of Moore rendered outside of such special contract as may have existed, could have been found chargeable to defendant, and recovered for as upon a *quantum meruit*.

The giving of charges 19 and 24 are justified by what is said above as to the necessity of a consideration to support whatever promise was relied upon for recovery. See *Prince v. Prince,* 67 Ala. 565.

In charge 20 it is wrongly assumed that Moore had the right to effect a settlement with the defendant after the transfer of the claim to the plaintiff and notice thereof to the defendant. This charge should have been refused.

The questions that the witness Moore was allowed to answer against plaintiff's objections were within the latitude properly allowable on cross-examination, and the questions permitted against objection to the witness H. W. Long were each pertinent to matters introduced in evidence by plaintiff. It is not apparent that error was committed in allowing any of those questions, or in the exclusion of the testimony of H. W. Long as who were the stockholders of the Alabama-Georgia Coal Company, and when the same was organized. This question addressed to defendant: "What did that have to do with any commission with Walter Moore?" was properly disallowed, since it called for a conclusion and not for a fact.

For the errors pointed out the judgment will be reversed and the cause remanded.

Reversed and remanded.