# Alabama Construction Company v. Watson.

*Assumpsit.*

(Decided May 29, 1908.    Rehearing denied Feb. 5, 1909.
48 South. 506.)

*Pleading; Amendment; Complaint; New Cause of Action.*— Where the original complaint counted for work and labor done by plaintiff for defendant, and the amended counts claimed recovery for work and labor done by plaintiff and another, as partners, for defendant, and for an account stated between the parties, with an averment that plaintiff had acquired his partner's interest therein before suit, the amendments set up new causes of action and were improperly allowed; since a judgment on account between plaintiff, individually, and defendant would not bar a recovery on an account due the firm composed of plaintiff and another, although plaintiff had acquired the interest of his partner.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Assumpsit by W. L. Watson against the Alabama Construction Company. From a judgment for plaintiff, defendant appeals. Reversed.

[Alabama Construction Co. v. Watson.]

The first complaint contained three counts: (1) For work and labor done by plaintiff for defendant at its request. (2) Account due between plaintiff and defendant. (3) Work and labor done by plaintiff for the defendant at its request in railroad grading at or near Haleyville. Counts 1 and 3 of the amendment complaint claim for: (1) Work and labor done by plaintiff and T. P. Harrison, as partners under the firm name of Harrison & Watson, for the defendant at its request; and it is averred that Harrison sold and transferred to the plaintiff all of his interest and claim in and to said sum so due by defendant and all of his interest and claim in and to the partnership effects of the said Harrison. (3) For an account stated between defendant and plaintiff and T. P. Harrison, as partners under the firm name of Harrison & Watson, with the allegation that plaintiff had acquired Harrison's interest before bringing the suit.

BLACKWELL & AGEE, for appellant. The 1st and 3rd counts of the amended complaint were clearly a departure from the original cause of action.—*Ivey Coal & Coke Co. v. Long,* 139 Ala. 535; *Semple v. Glenn,* 91 Ala. 245; *Mayhan v. Smitherman,* 71 Ala. 563; *Vinegar Bend L. Co. v. Chicago Co.,* 131 Ala. 411; Stephens on Pleading, pp. 410 and 644. But for the provisions of paragraph 11, section 3352, Code 1896, it would have been necessary to have brought the suit in the name of Harrison & Watson, for the use of the plaintiff.—*Sneed v. Bell,* 142 Ala. 449; 4 Cyc. 92.

KNOX, ACKER & BLACKMON, for appellee. There was no departure in pleading.—*Oden v. Bonner,* 93 Ala. 393; *Springfield Ins. Co. v. DeJarnette,* 111 Ala. 248; *Clark v. Jones,* 87 Ala. 474. Under the statute the complaint

could have undoubtedly been amended so as to make Harrison a party. This being true, it is a narrow construction which would not permit an amendment showing that the work was done by the partnership, and that the interest of the partners had been transferred to the other partner, the plaintiff.—*Buchanan v. Larkin,* 116 Ala. 434; *C. of G. Ry. Co. v. Foshee,* 125 Ala. 223.

ANDERSON, J.—The only question presented by this record is whether or not the first and third counts offered as an amendment were such a departure from the original complaint as to constitute an entirely new cause of action. The original complaint was for an account between the plaintiff and the defendant and for work done by the plaintiff for the defendant. The amended counts 1 and 3 claim for work done by the plaintiff and one Harrison as partners and for an account stated between said parties. It is true the amended counts aver the acquirement of Harrison's interest before the commencement of the suit; but this fact cannot constitute the claim as being for the same cause of action, and this case falls squarely under the influence of *Ivey Coal Co. v. Long,* 139 Ala. 535, 36 South. 722. It is true in the case cited it was a change from an account due Walter Moore, the plaintiff's assignor, to one due immediately to the plaintiff, and in the case at bar the change is from a claim immediately due the plaintiff to one that was due Watson & Harrison. It is not a change by the mere addition of parties, as Harrison is not added, but a change from one cause of action to another—from a claim due immediately to the plaintiff to one that was earned by or contracted with the firm.

In the recent case of *Alabama, etc., Co. v. Heald,* 154 Ala. 580, 45 South. 686, this court, in applying a test as to amendments, in effect said that they were permis-

[Union Central Life Insurance Co. v. Washburn.]

sible if a recovery under either count would bar a recovery upon the other; non constat, if one would be no bar to the other, the amendment would be a departure. A judgment on the original complaint for labor performed by the plaintiff individually could not bar a recovery for labor done by a firm of which he was a member. Nor would a judgment on an account between the plaintiff individually and the defendant bar a recovery upon one due the firm of Watson & Harrison, notwithstanding the plaintiff has acquired the interest of Harrison. The original complaint is not for what belongs to the plaintiff growing out of dealings between the firm and the defendant, but for something resulting from dealings or transactions between the plaintiff individually and the defendant.

The trial court erred in the allowance of amended counts 1 and 3, over the objection of the defendant, and the judgment must be reversed, and the cause is remanded.

Reversed and remanded.

HARALSON, DOWDELL, SIMPSON, and McCLELLAN, JJ., concur.