# McCrory *v.* Guyton.

### Bill to Enforce Vendor's Lien.

(Decided Jan. 13, 1910.—51 South. 312.)

1. *Pleading; Parties; Amendment.*—The test of amendment is whether or not a recovery under the original pleading would bar a recovery under the amendment, and vice versa; if so, the amendment is permissible.

2. *Same; Departure.*—Where the original bill sought to enforce a vendor's lien by complainant as the assignee of one person as

vendor and the amendment sought to enforce the lien by complainant as the assignee of another person as vendor, the land being the same, such amendment set up another cause of action and rendered the bill demurrable as for a departure.

APPEAL from Marion Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Warren Guyton against R. C. McCrory to enforce a vendor's lien. From a decree overruling demurrers to the amended bill, respondent appeals. Reversed and remanded.

This case will be found reported under the style of *McCrory v. Guyton,* 154 Ala. 355, 45 South. 658, where the allegations of the bill will be found set out. The second amendment to the bill seeks to enforce a vendor's lien on the same land, and alleges that, in selling and conveying the land to respondent, orator reserved a vendor's lien for the unpaid purchase money, and alleges the same transfer of the note alleged in the former bill. The third amendment to the bill alleges that under the authority and sanction and with the consent of the said Jane Allen said note was made payable to her husband, D. E. Allen, and said note has been transferred to orator, and by striking from the said original bill the following allegation: "For some reason unknown to orator, said note was made payable to D. E. Allen, the husband of the said Jane Allen."

W. C. DAVIS, and A. F. FITE, for appellant.—The amendment constituted a departure.—*Penn v. Spence,* 54 Ala. 35; *Ivy C. & C. Co. v. Long,* 139 Ala. 535: *Ala. Const. Co. v. Watson,* 48 South. 506.

C. P. ALMON, for appellee.—No brief came to the Reporter.

ANDERSON, J.—While we have separate statutes as to amendments in law and in chancery cases, our

[McCrory v. Guyton.]

court decided as far back as the case of *Moore v. Alvis,*
54 Ala. 356, that the Legislature intended to make the
rule of amendments in chancery conform substantially
to the rule governing amendments of pleading in suits
at law. It was there held that any amendment might
be made to meet the justice of. the case or any state of
the proof, provided it would not effect an entire change
of parties or work a change of the cause of action. The
question was again gone over in the cases of *Hall & Far-
ley v. Ala. Co.,* 152 Ala. 263, 44 South. 592, and *Ala-
bama Co. v. Heald,* 154 Ala. 580, 45 South. 686, and the
same statutes of amendments were there liberally con-
strued; but the rule that the amendments could not
work an entire change of parties or a departure from
the original cause of action was reiterated, the differ-
ence, between the judges, being as to what did and what
did not constitute a departure. In the case of *Ala. Co.
v. Watson,* 158 Ala. 166, 48 South. 506, the original
complaint was for an account between the plaintiff and
the defendant, and the amendment was on an account
due from a firm of which the defendant was a member.
This court, following the case of *Ivy Coal Co. v. Long,*
139 Ala. 535, 36 South. 722, held that the amendment
set up a separate and distinct claim from the one count-
ed on in the original complaint. In the *Watson Case,
supra,* the court, through the present writer, comment-
ing on the *Heald Case, supra,* and the test there ap-
plied, said that amendments were permissible "if a re-
covery under either count would bar a recovery under
the other; non constat, if one would be no bar to the
other, the amendment would be a departure."

The original bill in the case at bar sought to enforce
a vendor's lien by the complainant as assignee of David
E. Allen, the vendor of the land, and the last amend-
ment was to enforce a lien as the assignee of Jane Al-

len, the vendor of the land. It may be that the bill was to enforce a vendor's lien on certain land; but the lien set forth in the original was a different claim or cause of action from the one set out in the amendment. Applying the test set up in the *Watson Case, supra,* a decree on the claim set up in the original bill could be no bar to the enforcement of the claim described in the amendment, and there was, of necessity, a departure. We do not think that the amendment was permissible under the. *Watson* and *Ivy Cases, supra;* but, in addition to these cases, the case of *Penn v. Spence,* 54 Ala. 35, is almost, if not quite, in point against the amendment in the present case. The *Penn* Case, *supra,* was cited with approval in the case of *Moore v. Alvis, supra.* The chancellor erred in allowing the last amendment to the bill, and in not sustaining the appellant's demurrer thereto, which was a sufficient objection to said amendment.

The decree of the chancellor is reversed, and one is here rendered sustaining the demurrer to the amended bill.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.