# Randolph *v.* Hubbert.

## *Ejectment.*

(Decided December 17, 1914.   67 South. 416.)

1. *Ejectment; Parties to.*—While each may separately maintain ejectment, the heirs and personal representatives of a deceased owner of land cannot join in a single action of ejectment.

2. *Parties; Amendment.*—Where an action of ejectment was begun by the heirs and the personal representatives of the deceased owner, and thereafter, the complaint was amended by striking therefrom the names of all the heirs except one, who had been appointed administrator, leaving him suing as administrator, there was not an entire change of parties plaintiff, as one of the original plaintiffs was still a party although he was suing in a different capacity.

3. *Executors and Administrators; Right to Maintain Ejectment.*— One styling himself an administrator cannot recover in ejectment where defendants deny the fact that he was such administrator, and he did not then hold that position.

4. *Evidence; Presumption; Discharge of Administrator.*—Where the records which were preserved merely showed that plaintiff was appointed administrator about thirty years previous, and he testified that he took possession of the personality and applied it to the payments of the debts of the estate, but did not do anything with respect to the realty, the presumption is conclusive that he had made final settlement and been discharged, and he cannot now in his representative capacity maintain ejectment for the recovery of lands of his intestate.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by R. F. Hubbert as administrator, against T. U. Randolph in ejectment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

BANKHAED & BANKHEAD, and BEASLEY & WRIGHT, for appellant.

R. F. PETERS, and RAY & COONER, for appellee.

DE GRAFFENRIED, J.—(1) The action of ejectment cannot be jointly maintained by the heirs and the

[Randolph v. Hubbert.]

personal representatives of the deceased owner of the land. "True, each may maintain (separately) an action of ejectment, to recover the possession of the lands; but their several rights over the lands when recovered are fundamentally unlike."—*Tarver v. Smith,* 38 Ala. 135; *Wilson et al. v. Kirkland,* 172 Ala. 72, 55 South. 174.

(2) 2. This suit was originally brought by the heirs of a deceased person, who, it is claimed, owned the land. One of the heirs of said deceased was the adminisctrator of the estate of said deceased, and against the objection of the defendant the complaint was amended by striking from "the original complaint the names of all the plaintiffs except the name of R. F. Hubbert (the heir who was the administrator), and to proceed in the name of R. F. Hubbert, above, as the administrator of the estate of said S. A. Reeves, deceased, and to amend the caption of said original complaint so that the same may read as follows: 'R. F. Hubbert, Who Sues as the Administrator on the Estate of S. A. Reeves, Deceased, Plaintiff.' "

The result of the above amendment was to strike from the complaint all of the original plaintiffs except one. As this one was left in the complaint, there was not an entire change of parties plaintiff, and the fact that the complaint was so amended as to change the capacity in which the one original plaintiff who was left in the complaint sued, did not work an entire change of the parties plaintiff within the meaning of the law.— *Lucas v. Pitman,* 94 Ala. 616, 10 South. 603.

(3) 3. The question which we consider below must be treated by us as if this suit had been brought originally by the plaintiff, R. F. Hubbert, as the administrator of the estate of S. A. Reeves, deceased. This proposition needs no citation of authority to sustain

it. While, under our statutory system, an administrator may, under many circumstances, maintain an action of ejectment to recover the possession of the lands of his intestate, in this case there was a plea of ne unques administrator, and if, when the complaint was amended, the plaintiff was not the administrator of the estate of S. A. Reeves, deceased, then there should have been, in this case, a verdict for the defendant.

(4) 4. The lands sued for in this case are situated in Fayette county. In the county seat there have been two fires since the year 1880, which on each occasion, destroyed the courthouse of the county. The records of the probate court were destroyed by fire on these occasions, but some of the original papers pertaining to matters pending in said court were saved. In the matter of the estate of S. A. Reeves, deceased, a few of the original papers were saved, and these papers show that on the 16th day of February, 1880, the plaintiff was appointed administrator of said estate. This is all that is shown by the original papers with reference to said estate. The administrator of the estate testified that after his appointment as administrator he took possession of the personal property and applied it or its proceeds to the payment of the debts of the estate, but that he had done *nothing in the last 30 years relating to the administration of the estate.* As this fact was proven by the plaintiff, and was *without dispute,* the plaintiff was not, at the time this suit was brought (the suit was brought in March, 1914), the administrator of the estate. The fact that he had made a final settlement of the estate and had received his discharge as administrator is conclusively presumed. The reasons for this holding are well stated in *Snodgrass v. Snodgrass,* 176 Ala. 276, 58 South. 201.

It. follows from the above that the heirs of S. A. Reeves, deceased, are the only parties who can maintain a suit for the recovery of the possession of this land.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.