(134 So. 856)

## Ex parte KELEN.

### 6 Div. 863.

Supreme Court of Alabama.

May 21, 1931.

Victor H. Smith, of Birmingham, for petitioner.

Edgar Allen and Walter H. Anderson, both of Birmingham, for respondent.

GARDNER, J.

On the last appeal (Kelen v. Brewer, 221 Ala. 445, 129 So. 23), it was held the lunatic was a necessary party complainant, and that the suit could not be maintained alone in the name of the guardian. Upon remandment, the bill was amended as one by "Lula Turner, a non compos mentis by her guardian Alex Brewer."

It is here insisted the allowance of this amendment was error upon the theory that it worked an entire change of parties, and that the cause was due to be discontinued. Petitioner relies primarily upon Fowlkes v. Memphis, etc., R. R. Co., 38 Ala. 310, and Dougherty v. Powe, 127 Ala. 577, 30 So. 524, as here applicable, and as further in support of his insistence the following authorities which have been examined: Walker v. Adler, 216 Ala. 76, 112 So. 458; Beason v. So. Car. Bank (Ala. Sup.) 130 So. 551; [1] Copeland v. Dixie Const. Co., 216 Ala. 257, 113 So. 82; Vinegar Bend Lbr. Co. v. Chicago T. & T. Co., 131 Ala. 411, 30 So. 776; McKay v. Broad, 70 Ala. 377; McCrory v. Guyton, 164 Ala. 365, 51 So. 312.

But we are not persuaded the amendment here considered worked an entire change of parties. The suit as originally brought was for the benefit of the ward, the lunatic, and was by the guardian in his representative capacity. To meet the requirements of equity pleading, it was necessary that the lunatic herself be made a party to be bound by the proceedings. The amendment was to make her a party, but the guardian who in his representative capacity first brought the suit is still in the cause in such capacity, for the bill is in the name of the ward "by her guardian Alex Brewer." Though not directly in point, the cases permitting amendment as to show the action maintained in a representative rather than in an individual capacity are not lacking in analogy. Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Vinegar Bend Lbr. Co. v. Chicago T. & T. Co., supra; Randolph v. Hubbert, 190 Ala. 610, 67 So. 416. See, also, Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871, 138 Am. St. Rep. 73; Amer. Union Tel. Co. v. Daughtery, 89 Ala. 191, 7 So. 660; So. Rwy. Co. v. Northwestern Fruit Exch., 210 Ala. 519, 98 So. 382; N. C. & St. L. Rwy. v. Abramson-Boone Produce Co., 199 Ala. 271, 74 So. 350; Cowan v. Campbell, 131 Ala. 211, 31 So. 429. That the amended bill meets equity's requirement in the respect here indicated is not controverted. West v. West, 90 Ala. 458, 7 So. 830, 831; Gorham v. Gorham, 3 Barb. Ch. (N. Y.) 24; 32 Corpus Juris, 778–781.

88

The case of West v. West, supra, is authority for the allowance of the amendment in the instant case. There the suit was originally by the guardian in his representative capacity. The holding was that the ward was a necessary party complainant, that the demurrer taking the point "should have been sustained, and the complainant allowed to amend his bill."

The case of Fowlkes v. Memphis, etc., R. R. Co., supra, upon which petitioner relies, is distinguishable from that here presented. There the action at law was brought by Cynthia L. Fowlkes as the sole party plaintiff; the court evidently treating the words "guardian of Ramon H. Fowlkes" as merely descriptive and surplusage under the rule recognized by our authorities. Hallmark v. Hopper, 119 Ala. 78, 24 So. 563, 72 Am. St. Rep. 900. That case also has reference to the "next friend" of an infant who "is but a species of attorney." See, also, Isaacs v. Boyd, 5 Port. 388.

Like observations are applicable to the case of Dougherty v. Powe, supra, stressed by petitioner.

But the instant case concerns the legally appointed guardian who properly represents the interests of the ward, who may control the litigation, and by express provision of our statute may supplant and be substituted in the place of a next friend. Section 6519, Code 1923. Such guardian remains a party to the cause, and the amendment permitting the party beneficially interested, the ward, to be made a party complainant, did not work an entire change of parties. Whitfield v. Howard, 221 Ala. 171, 128 So. 137.

We conclude, therefore, that the chancellor correctly ruled, and the mandamus will be denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

