## BLACKMAN *vs.* DAVIS.

[APPLICATION TO REMOVE ADMININISTRATOR.]

1. *Application for removal of administrator, how made.*—An application for the removal of an administrator can not be made by a guardian, in his own name. The proper mode of proceeding in such a case, is in the name of the infants by the guardian, or next friend.—Revised Code, § 2019, (1698.)

APPEAL from the Probate Court of Henry.

IN the matter of the estate of W. W. Pope, deceased, and an application to remove the administrator thereof, for maladministration.   On the 15th August, 1867, R. J. Davis, the appellee, as the guardian of the minor children of said decedent, filed his petition in the probate court of Henry county, to remove Thomas G. Blackman, the appellant, from the administration of said estate.   The petition was duly sworn to and was as follows :   " To the Hon. D. Carmichael, judge," &c.: "Your petitioner, R. J. Davis, guardian of the minor children of W. W. Pope, late of said county, deceased, respectfully represents unto your honor, that Thomas G. Blackman, administrator of the estate of said decedent, has failed to make the proper and legal returns of rents, sales, &c., of said estate required by law, and, as he believes, has been guilty of waste and maladministration of said estate ; your petitioner prays," &c.

(Signed,)                                              R. J. DAVIS.

The defendant filed a demurrer to the petition, which was overruled, and the case was submitted to a jury under the charges of the court, who returned a verdict of guilty, and an order was thereupon made by the court removing said administrator. The rulings of the court on the demurrer, the charges to the jury, and the decree rendered, are assigned as error.

SAMUEL F. RICE, for appellant.
W. C. OATES, *contra.*

BYRD, J.—The appellee is not authorized by section 1698 of the Code to make an application for the removal of an administrator. Such an application should be filed in the name of the wards. If the subject were governed by section 2036, the petition here would not be conformable to it, for the application is not by the guardian for the use of the ward. Indeed, the names of the wards are not even stated. It is, really, a mere application by a guardian. We think, however, that the proper mode of proceeding for infants in this case, is in the name of the infants by the guardians or next friend, by analogy to the rules of chancery practice, and that section 2036 does not apply. The court erred in not sustaining the demurrer,-and not dismissing the petition.

The motion to dismiss the application should have been granted. Hence the action of the court below on this motion must be reversed and a decree here rendered dismissing the application in the court below ; and the appellee must pay the costs of the court below and of this court.

Reversed and remanded.