# West v. West.

### Bill in Equity for Partition of Lands.

1. *Lunatic as party.*—When a bill for the partition of lands is filed in the interest of a lunatic, it must be filed in his name by his guardian, or he must be joined as a complainant with his guardian.

2. *Same; statutory provisions.*—Under statutory provisions (Code, § 2582), a suit in which the ward has an interest, and in which the recovery will enure to his benefit, may be brought in the name of his guardian, suing for his use; but these provisions do not apply to suits in equity.

3. *Partition of entire estate, or tract of land.*—Partition will not be awarded by fragments, or parcels, but must be made of the entire estate; yet, where a part of a tract of land has been allotted to the widow as her dower, leaving a reversion in the heirs, they may have partition of the residue of the tract.

4. *Account of rents and profits between tenants in common.*—The general rule is, that one tenant is not liable to account to the others for rents and profits during his use and occupation of the land, unless there was an agreement to pay, or his entry and possession were hostile and exclusive.

5. *Multifariousness.*—A bill for the partition of lands, filed in the interest of a lunatic by his guardian, may also pray an account of the rents and profits, and possibly a sale of the portion allotted to the lunatic; but, if it also prays a sale of his undivided interest in another tract owned by the parties, partition of which is not asked, this renders it multifarious.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 28th January, 1889, by Benjamin F. West, suing as guardian of William F. Johnson, a lunatic, against Mrs. Mary West and her husband, John H.

[West v. West.]

West; and sought partition of a tract of land, which had descended to Mrs. West and said W. F. Johnson, who were brother and sister, on the death of their father, intestate, in 1863; also, an account of the rents and profits of the land, and a sale of the portion which might be allotted to said W. F. Johnson. A portion of the tract of land had been allotted to the widow as her dower, and a partition of that part was not asked, though the bill prayed a sale of W. F. Johnson's undivided interest in the reversion. The chancellor overruled a demurrer to the bill, and his decree is here assigned as error. The opinion states the material grounds of demurrer as assigned.

LUSK & BELL, for appellant, cited 1 Brick. Digest, 753, § 1687; 3 Ib. 368, § 1; *Ib.* 373, § 97; *Wilkinson v. Stuart,* 74 Ala. 198; 1 Washb. Real Property, 716, *n.* 4; Freeman on Co-tenancy, § 538; *Baldwin v. Aldrich,* 80 Amer. Dec. 695; *Bigelow v. Littlefield,* 83 Amer. Dec. 484, note; *Fielder v. Childs,* 73 Ala. 567; *Terrell v. Cunningham,* 70 Ala. 100; *Fields v. Helms,* 70 Ala. 460; *Rapier v. Paper Co.,* 69 Ala. 476.

BROWN & HOLLIDAY, *contra,* cited Code, § 2582; *Longmire v. Pilkington,* 37 Ala. 296; *Hutton v. Williams,* 35 Ala. 503; *Blackman v. Davis,* 42 Ala. 184; *Wilkinson v. Stuart,* 74 Ala. 198; *Tindal v. Drake,* 51 Ala. 574; 1 Story's Equity, § 656; 3 Pom. Equity, §§ 1389–90; Adams' Equity, 458, 461, 464; *Oliver v. Jernigan,* 46 Ala. 41; *Ex parte Jewett,* 16 Ala. 410; *Goodman v. Winter,* 64 Ala. 410; 82 Ala. 490.

CLOPTON, J.—The bill is filed by appellee, as the guardian of William F. Johnson, against whom an inquisition of lunacy was taken in the Probate Court of Yell county, Arkansas, and seeks a partition of the lands owned by his ward and the defendants as tenants in common. The first ground of demurrer is, that the lunatic is not made a party. The general rule in a court of equity is, that all persons having a material interest in the subject-matter of a suit must be made parties, in order that complete justice may be done, and that they may be concluded by the decree; and this rule applies to infants and lunatics. The settled practice in England, in bringing suits in the Chancery Court for the benefit of lunatics, is to file the bill in the name of the lunatic by his committee, or to join the lunatic and committee as complainants; unless the object of the suit is to avoid an act done by the lunatic during his lunacy, in which case he may be joined or omitted.—Willis' Eq. Pl. 5; Cooper Pl. 31. The rule is thus stated in Story's Eq.

[West v. West.]

Pl., § 65: "In some of the States of America, courts of equity are intrusted with the like authority (as in England) to appoint committees for idiots and lunatics, and in such case the idiots and lunatics sue by their committees. In other States, idiots and lunatics are by law placed under guardians appointed by other courts, and ordinarily by the courts of probate of the State. In such cases, the idiots and lunatics sue and defend suits by their proper guardians, unless some other person is specially appointed for that purpose."

In *Gorham v. Gorham*, 3 Barb. Ch. 24; s. c., 5 N. Y. Ch. Rep. 801, the question of the necessity of making a lunatic a party was fully discussed, and the foregoing rules sustained. After reviewing the elementary writers and authorities, the chancellor observes: " When it is said by these writers that idiots and lunatics must sue by their committees, it is not meant that the suit is to be brought by the committee in his own name, merely describing himself as the committee of the lunatic, as has been erroneously supposed by the court of one of our sister States. But they mean that the suit should be brought in the name of the lunatic, stating that he sues by the committee of his estate, naming them, as in the case of an infant suing by his next friend; or, that the suit should be prosecuted in the names of the lunatic and of his committee." The necessity of making the lunatic a party rests on the principle, that a decree in favor of his guardian, merely describing himself as such, would not be a decree in favor of the lunatic; and if the suit proved unsuccessful, would not protect the defendant from subsequent litigation by the lunatic, should he be restored to soundness of mind, and to possession and control of his property. In the present bill, complainant describes himself as guardian of the lunatic, and brings the bill for his ward, naming him. This, as it appears from the above authorities, is insufficient to make the lunatic a party, so that final decree of partition shall conclude him.

But it is contended that this mode of bringing the suit is authorized by section 2582 of the Code, which provides that: " In all suits in which the ward has an interest, and the recovery enures to his or her benefit, a guardian may sue in his own name for the use of the ward." This statutory provision does not apply to suits in chancery. In *Blackman v. Davis*, 42 Ala. 184, the guardian of minor children filed, in his own name, an application for the removal of an administrator. The petition was demurred to, on the ground, that the guardian was not authorized to file it in his own name. After stating that the petition did not conform to the requirements of section 2036 of Code of 1852, which corresponds to section 2582 of the

[West v. West.]

present Code, the court says: " We think, however, that the proper mode of proceeding for infants in this case is in the name of the infants by the guardian or next friend, by analogy to the rules of chancery practice, and that section 2036 does not apply;" thus recognizing that the practice in chancery is as above stated. That section 2582 does not apply, further appears from the fact that specific statutory provision is made as to the manner in which persons of unsound mind may sue in chancery. Section 3417 provides: "Persons of unsound mind may sue by next friend, and guardians may be substituted; and upon restoration to sanity, the suit may proceed in their own names." In no other respect is the practice in chancery modified or changed by statutes. This ground of demurrer should have been sustained, and the complainant should have been allowed to amend his bill.

There are several causes of demurrer which may be comprehended in one general assignment—namely, that the lands constitute an entire tract, in a part of which the co-tenants have only an estate in reversion, not subject to partition. The demurrer as to these causes is based on the following facts: The parties derive title to all the land by descent from their immediate ancestor. At the time of his death they constituted an entire tract; and since then a distinct portion has been carved out and assigned to his widow as her dower, she still living. The parties having an estate in reversion in the part of the lands assigned for dower, so that partition thereof can not be decreed, defendants insist that complainant is not entitled to partition of the remaining lands. The rule invoked is, that partition will not be awarded by fragments or parcels, but must be made of the entire estate. The general rule that a suit for partition of a parcel will not be entertained, where the estate in common consists of an entire tract to which there is a right to immediate partition, has no application, when there is a present title and right of possession to a portion, and a reversionary interest in another and distinct part. In such case, though the entire estate may be derived from the same source at the same time, the titles to the respective parts are distinct; and it is said in *Wilkinson v. Stuart*, 74 Ala. 198: "For all legal purposes, and in legal effect, the parties stand in a relation they would occupy if the several titles had been derived by several instruments, to distinct, different tracts or parcels of land. In such case, the rule invoked could not be applied, and it is not now capable of application, constraining unwilling tenants into the continuance of a relation they are anxious to dissolve, and which may be dissolved as to all the lands they hold by present title, attended with the right of present possession."

[Schwarz v. Oppenheimer, Strauss & Co.]

The bill is not repugnant in seeking to have an account of the rents and profits, and also a sale of complainant's ward's portion. It may be that the court, on proper allegations and proof, would order a sale after partition has been made, rather than subject the guardian to another proceeding, either in chancery or in some other court. Though the demurrer does not specially go to that portion of the bill which seeks an account of the rents and profits, as counsel have argued the question, we will merely state the general rule; which is, that a tenant, using and occupying the lands held in common, is not liable to account to his co-tenant, on partition, for the rents and profits, unless there is an agreement to pay, or his entry and possession are hostile and exclusive.—*Newbold v. Smart*, 67 Ala. 326; *Gayle v. Johnston*, 80 Ala. 395; *Wilkinson v. Stuart, supra.*

Though the complainant does not seek partition of that part of the lands in which the parties have an estate in reversion, the bill prays that his ward's undivided interest therein may be sold. This constitutes a joinder of two distinct subject-matters, which have no connection with each other, and in one of which the defendants have no interest, and renders the bill multifarious.

Reversed and remanded.