# Schuessler *v.* Goodhue, *et al.*

*Bill by Executor to Sell Lands for Partition.*

(Decided June 30, 1906. 41 So. Rep. 958.)

*Executors; Powers in Partition; Bill in Chancery.*—Under sections 3185 and 3187, an executor has authority to file, in his representative capacity, in the chancery court, a bill for the sale of land of his testator for partition.

APPEAL from Etowah Chancery Court.
Heard before Hon. W. W. WHITESIDE.

This was a bill by Schuessler, as executor of the estate of H. H. Brown, deceased, against the other tenants

in common for the sale of real estate. The facts suffi-
ciently appear in the opinion of the court. The chan-
cellor held that the bill was without equity, and dis-
missed it in vacation.

JAMES AIKEN and DORTCH, MARTIN and ALLEN, for
appellant.—In the chancery court, the executor or ad-
ministrator, may, by bill, partition lands belonging to
the estate where held by joint owners and tenants in
common.—§ 3187, code 1896; § 3185, code 1896. The
bill was dismissed in vacation without an opportunity
to amend, and for this reason, the decree is erroneous.
—69 Ala. 505; 130 Ala. 591 and cases there cited.

A. E. GOODHUE and MOTLEY & DOUGLASS, for appel-
lees.—No brief came to the reporter.

DOWDELL, J.—There seems to be but one question
presented for our consideration in this case, and that is
whether or not an executor can file a bill to sell lands for
partition in the chancery court. It appears from the bill,
as amended, that all parties interested in the land were
before the court as respondents. The chancellor was of the
opinion that the executor, not having any interest in the
land, and only the right of interception, for the payment
of debts, could not maintain the bill alone in his own
name for partition and division, and so decreed.

Section 3262 of the code of 1886 which conferred juris-
diction on the chancery court in the matter of the sale
of land for partition and division was as follows: "The
chancery court shall have concurrent jurisdiction with
the probate court to divide or partition, or to sell for
partition or division any property, real or personal, or
mixed, held by joint owners or tenants in common."
This section brought forward and adopted in the code of
1896, as section 3187 in the latter code now reads as fol-
lows: "The chancery court shall have jurisdiction to
divide or partition or sell for division, or partition any
property, real, personal or mixed, held by joint owners
or tenants in common, whether the defendant denies

the title of complainant or sets up adverse possession or not." With the exception of the last clause in the statute as it now is in the code, viz.: "Whether the defendant denies the title of complainant, or sets up adverse possession or not," no material alteration or change was made in the statute as it stood in the two codes. The omission of the words "concurrent," and "with the probate court" from the present statute in no wise affected its meaning. The jurisdiction conferred on the chancery court by the statute was nothing more nor less than the jurisdiction concurrent with the probate court.

It is not denied that the executor has the power under the statute to proceed in the probate court in such a case, and this without regard to the question of his being a party interested in the estate. Moreover § 3185 provides as follows: "Should any of the parties interested in the property, real, personal, or mixed, held by joint owners, or tenants in common, die, the provisions of this article shall fully apply to his executor or administrator." What meaning can this statute have other than to confer on the executor or administrator the same right and power to institute proceedings for partition and division of property held by joint owners that his testator or intestate had? The jurisdiction of the chancery and probate court, being concurrent in such matters, we are unable to see why the executor may not proceed in one forum as well as the other. The power of the executor is one conferred by the statute. The case of *West v. West*, 90 Ala. 458, 7 South. 830, simply decides the question of practice, and is not opposed to the views which we have herein above expressed. The rule of practice applied there, where the suit was commenced by the guardian of a lunatic, or person of unsound mind, is not necessarily applicable here where the bill is instituted by the executor. The case of *West v. West, supra*, was decided under the code of 1886 and § 2582, the one sought to be applied to the government of the case was found in part 3 of the code, relative to proceedings in civil cases in courts of common law. That § 2582 could not govern, was argued from its lack of consonanse with

chancery practice, and from the further fact that § 3417 of tittle 4 of the same code, relative to chancery proceedings, made specific statutory provision for the bringing of suits by lunatics in the chancery court. No such special statutory provisions are made with reference to the institution of suits by executors, and hence the rule laid down in that case is without application here. We repeat that we are unable to see why under the statute conferring on the chancery court the same jurisdiction and powers as possessed by the probate court, the executor may not proceed in his own name in the chancery court as well as in the probate court. Our conclusion is that the chancellor erred in his decree, and a decree will be here rendered, overruling the demurrer and motion to dismiss the bill, and the cause remanded.

Reversed, rendered, and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.