# Trucks *v.* Sessions, *et al.*

*Bill for Partition.*

(Decided June 30, 1914. Rehearing denied July 25, 1914. 66 South. 79.)

1. *Partition; Persons Entitled; Infants; Next Friend.*—Under section 5231, as amended by Acts 1909, p. 124, an infant may file a bill by next friend for the sale of land for division among joint owners, notwithstanding the provisions of sections 5222 and 5224, Code 1907, since the amendatory Acts above referred to makes the practice of the courts of equity superior and controlling, and infants may sue in equity by next friend, as at law.

2. *Same; Pleading; Demurrer.*—Where it did not appear on the face of the bill that the land sought to be partitioned was without the jurisdiction of the court, the failure to allege that it was located in the county of the chancery district in which the bill was filed, could not be raised by a general demurrer.

3. *Same; Bill; Impossibility of Partition.*—The allegations of the bill considered and held sufficient to show the improbabiilty of any practical method for the partition of the land without a sale thereof.

APPEAL from Bibb Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by H. B. Sessions and others, against Sarah L. Trucks for the sale of land for partition and division. From a decree overruling demurrers to the bill respondent appeals. Affirmed.

The land is described by government subdivision as being in section 31, township 34, range 11 east, known as the Charley Woods place. The allegation as to the

necessity for a sale is contained in the third paragraph of the bill, and is as follows: Said lands cannot be equitably divided or partitioned for the reason that only a small portion of the land is improved, and the small tracts in cultivation are badly scattered over the land; that most of the land not in cultivation is very rough, rocky, and hilly, the larger part of which cannot be utilized for farming purposes; that there are spots of timber scattered over said land which are also cut in two by Six Mile creek; that parts of said lands are supposed to contain mineral, but that the value of it as mineral land is unknown, and it is not known just what portion of said land contains the mineral.

The eighth ground of demurrer is as follows: For that it affirmatively appears from said bill of complaint that the guardian of Jewel and Opal Sessions should be made party complainant to this bill.

The 18th ground is that complainants fail to submit themselves to the jurisdiction of this court, and it is shown by the bill that this court has no jurisdiction of these complainants.

HORACE C. WILKERSON, and LAVENDER & THOMPSON, for appellant.

JOHN T. ELLISON, for appellee.

McCLELLAN, J.—Bill praying sale of land for division among joint owners. It appears from the bill that H. V. Sessions, W. M. Sessions, Mary Taylor, Jane Drury, and Sarah L. Trucks each own an undivided one-twelfth interest therein. The minors are among the complainants, and sue by their next friend, H. V. Sessions.

By the act approved August 25, 1909 (Acts Sp. Sess. 1909, p. 124), amendatory of section 5231 of the Code

of 1907, it is provided that: "The chancery court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; *and the court in exercising its jurisdiction shall proceed according to its own practices.*" Italics supplied.)

The necessary effect of the italicized provision of the amendatory act was to make superior, serviceable, and controlling the *practices* of courts of equity in exercising the power defined in the act, and to exempt a court of equity from obligation to observe statutory prescriptions in respect of the effectual exercise of the jurisdiction declared. As is familiar, infants may sue, in equity as at law, by *next friend,* who is an officer of the court.—1 Dan. Ch. Prac. (6th Am. Ed.) p. 68 et seq.; *T. C. & I. Co. v. Hayes,* 97 Ala. 201, 209, 210, 12 South. 98; *West v. West,* 90 Ala. 460, 461, 7 South. 630. See *Swope v. Swope,* 173 Ala. 157, 164-166, 170-172, 55 South. 418, Ann. Cas. 1914A, 937. Hence the references in Code, §§ 5222 and 5224, to proceedings in the nature under view, with respect to guardians of infants and persons of unsound mind, do not, of course, qualify the italicized provision of the subsequent amendatory act of 1909, quoted above. Whether H. V. Sessions should continue to serve as *next friend* of the infants, with whom he is averred to be a joint owner of the land, is an inquiry not raised by, or presented on, this appeal.

There is no ground of demurrer pointing the argued objection to the bill that it omits to aver the location of the land in Bibb county, in which chancery district the bill is filed. General grounds of demurrer will not suffice to raise such an objection to a bill, un-

less it appears from the face of the bill that the land is without the jurisdiction of the court. The cases cited on brief in this connection were instances where the want of power or jurisdiction appeared from the face of the bill.

The eighteenth ground of demurrer erroneously assumed that the bill shows the land to be located outside of Bibb county. This it does not do. The bill should be amended so as to show that the land is, in whole or in part, in Bibb county.

The bill's averments, general as well as particular, show the improbability of any practicable method for a partition of the land, without a sale thereof.—*Sheffield C. & I. Co. v. Ala. Fuel & Iron Co.,* 185 Ala. 50, 64 South. 67. These averments make a much stronger case for necessity to sell, to effect division, than was made by the bills in *Smith v. Witcher,* 180 Ala. 102, 60 South. 391. If the general allegation of necessity to sell in order to effect division was taken as reiterated by the particular averments to that end, still the chancellor did not err in affirming the sufficiency of the bill's averments to state a case of necessity to sell for division. There is no merit in the demurrer; so the decree overruling it must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE. SOMERVILLE, and DE GRAFFENRIED, JJ., concur.