(129 So. 23)

**KELEN v. BREWER et al.**

**6 Div. 595.**

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

Walter H. Anderson, of Birmingham, for appellees.

Rudulph & Smith, of Birmingham, for appellant.

BROWN, J.

The former appeal was from a decree removing the appellant as administratrix of the estate of Anthony Turner, deceased, after an order entered removing the administration of the estate into the circuit court in equity.

In the opinion disposing of that appeal, it was observed that "the bill in this cause was filed by appellee, representing himself to be the guardian for Lula Turner, a person of unsound mind, and seeking relief of several

kinds for the ward. There was a demurrer to the bill, upon which as yet there does not appear to have been any decree. It may be that section 5707 of the Code—new to the present Code and therefore not controlled by the Code of 1886, construed in West v. West, 90 Ala. 458, 7 So. 830—means that the bill in the present case was properly exhibited, though there is no formal averment as to the party or parties complainant. *The bill, however, repeatedly speaks of the ward as party complainant.* In the circumstances we think further discussion of this objection to the bill may be deferred until such time as the trial court may have passed upon the demurrer." Kelen v. Brewer, 220 Ala. 175, 124 So. 247, 248.

From this it appears that the court, in treating the questions presented, applied a liberal construction to the averments of the bill, and treated the bill as properly exhibited.

■ This appeal is from a decree overruling the demurrers of the appellant to the original bill and the cross-bill, requiring the application of the rule of strict construction, and only facts well pleaded will be treated as true, and those uncertain and doubtful will be construed most strongly against the pleader. McCreery & Co. et al. v. Berney National Bank, 116 Ala. 224, 22 So. 577, 67 Am. St. Rep. 105; Dickerson et al. v. Winslow, 97 Ala. 493, 11 So. 918; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139.

The major purpose of the original bill is to establish and enforce the rights of Lula Turner, a non compos mentis, in the property of which Anthony Turner died seized and possessed. Her claim of interest is grounded on two assertions: First, that she was a joint owner with said Turner of a part of the property, and—to state the general effect of the averments of the bill—that during his lifetime, through fraud, he overreached said Lula Turner and obtained her signature to a mortgage and deed, divesting her of her interest in said property for a consideration that. was wholly inadequate. Second, that prior to November 6, 1926, she was the wife of said Turner, and that on a bill filed in her name a decree of divorce dissolving the bonds of matrimony between the said Lula Turner and Anthony Turner was fraudulently obtained.

The bill further avers that the defendant Kelen, appellant here, after the death of said Anthony Turner, forged and fraudulently procured the probation of a paper purporting to be the last will of said Anthony Turner, devising all of his property to her, and that said Kelen procured herself to be appointed as administratrix cum testamento annexo of the estate, and assumed possession of the property.

While the bill is very unartfully drawn, enough is stated in the prayer to show that the relief sought is a cancellation of the deed executed by Lula Turner to her alleged husband on August the 5th, 1926, the annulment of the probation of the alleged forged will and the decree of divorce, relief incident to the major purpose of the bill, and for general relief.

■ There is no contention on this appeal that the bill is filed in the name of the lunatic, or that she is a party to the suit, but it is the contention of appellee that section 5707 of the Code 1923, authorizes the guardian to maintain the bill in his own name.

The cited section is embodied in chapter 252 (sections 5644–5728) of the Code, dealing with "Actions and Parties" in common-law suits, along with section 5689, which authorizes a guardian to "sue in his own name for the use of the ward" in all suits in which the ward has an interest and the recovery inures to his or her benefit.

It was ruled by this court as early as Blackman v. Davis, 42 Ala. 184, that this statute, then section 2036 of the Code 1852, was not applicable to suits in equity wherein the ward must sue by his next friend or guardian. This holding was reaffirmed in West v. West, 90 Ala. 458, 7 So. 830, 831, wherein it was observed "that section 2582 [of the Code of 1886] does not apply further appears from the fact that specific statutory provision is made as to the manner in which persons of unsound mind may sue in chancery. Section 3417 provides: 'Persons of unsound mind may sue by next friend, and guardians may be substituted; and, upon restoration to sanity, the suit may proceed in their own names.'"

This statute has been brought forward through the several Codes without change (Code 1923, § 6519), and the rule of West v. West, supra, has since been repeatedly recognized. Trucks v. Sessions et al., 189 Ala. 149, 66 So. 79. As late as Worthington v. Worthington, 218 Ala. 80, 82, 117 So. 645, 647, it was observed that "section 5689 of the Code authorizes suits by guardians in their own names for the use of their wards. But it has been decided that this section does not apply to suits in equity. Blackman v. Davis, 42 Ala. 184; West v. West, 90 Ala. 458, 7 So. 830. We suppose the rule of the cases referred to must now be followed, at least in cases in which the decree sought will conclude the minor in his property or estate." The provisions of section 5707 clearly relate to actions at law and not suits in equity.

The grounds of demurrer taking the point that the suit could not be maintained by Brewer as guardian, in his own name, were well taken, and were due to be sustained.

■ The third paragraph of the bill avers "that Lula Turner, prior to November 6, 1926, was the wife of Anthony Turner, who resided with Lula Turner and had a homestead at

531— John Street, Birmingham, Alabama, and that on October 29, 1926, a bill, praying for divorce, was filed and an answer and waiver was filed by Solicitor for respondent, Anthony Turner, and that on November 5, 1926, less than thirty days from the date of filing said bill for divorce, a decree was granted in this Honorable Court, Docket No. 19430, Lula Turner as Complainant and Anthony Turner as Respondent, decreeing Lula Turner a divorce from her husband, and that said decree was procured by fraud in this, that Lula Turner, a person of unsound mind, could not read or write and did not have sufficient understanding to know that proceeding was pending to obtain a divorce, and by fictitious characters appearing as witnesses swearing to a false statement, to wit: that Anthony Turner had deserted his wife's bed and board for two years prior to filing the bill for divorce, and had voluntarily remained away for two years when respondent, Anthony Turner had resided at 531— John Street, Birmingham, Alabama, for five years or more preceding the filing of said divorce."

Taking these averments as true, the divorce was granted on a bill filed by Lula Turner, and there is an absence of affirmative averment—it being left to mere inference—that she was then insane, and for all that appears she participated in the alleged fraud.

The rule supported by the great weight of authority is that fraud merely antecedent to the rendition of a judgment or decree, as that it was procured on perjured testimony, is not sufficient to authorize relief. De Soto Coal Mining & Development Co. v. Hill, 188 Ala. 667, 65 So. 988; Id., 194 Ala. 537, 69 So. 948; Sloss-Sheffield Steel & Iron Co. v. Lang, 213 Ala. 412, 104 So. 770.

The fraud must be in the procurement of the judgment or decree; that is, extrinsic or collateral to the issues tried in the particular case, unmixed with fault or negligence of the party seeking relief. Eskridge v. Brown, 208 Ala. 210, 94 So. 353; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440; Graves v. Graves, 132 Iowa, 199, 109 N. W. 707, 10 L. R. A. (N. S.) 216, 10 Ann. Cas. 1104; Greene v. Greene, 2 Gray (Mass.) 361, 61 Am. Dec. 454, and note; Zeitlin v. Zeitlin, 202 Mass. 205, 88 N. E. 762, 23 L. R. A. (N. S.) 569, 132 Am. St. Rep. 490.

In this respect the bill was subject to some of the grounds of demurrer.

■ The bill is not subject to the objection that it is multifarious. As before stated, the purpose of the bill is single, to establish and enforce the rights of Lula Turner in the property of the estate of her alleged deceased husband, and the other matters, the cancellation of the deed, the annulment of the decree of divorce, and the order probating the will, are matters merely incidental to the relief sought. Code of 1923, § 6526; Stone et al.

v. Knickerbocker Life Ins. Co. et al., 52 Ala. 589.

In Manegold v. Beavan, 189 Ala. 241, 66 So. 448, the surety on the guardian's bond was not interested in nor liable for fraud practiced on the ward after she attained her majority. The other cases cited are easily differentiated.

■ It has long been the settled law that courts of equity have original jurisdiction in the administration of estates, and that any person entitled to share in the distribution of an estate being administered in the probate court, whether as devisee, legatee, or as an heir at law, has the right to have the administration of the estate removed to and administered in a court of equity without showing any special equity. 3 Mayf. Dig. 235, § 1081, page 240, § 1162.

The approved practice prevailing before the enactment of the statute, now section 6478 of the Code of 1923, was to file a bill alleging the facts showing the right of the complainant to share in the distribution of the estate, and verify the same by affidavit, and upon the filing of such bill an order of removal was entered.

The statute confirms the right of removal by the distributee of the estate, and extends it to "executor, administrator, or administrator with the will annexed * * * at any time before a final settlement," and provides that, upon the filing of a sworn petition, "reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator, or administrator with the will annexed, and that in the opinion of the petitioner such estate can be better administered in the circuit court," etc. Section 6478, Code 1923.

■ The statute contemplates, of course, a formal petition addressed to the court or the judge thereof, filed as a pleading and not a mere affidavit.

The answer and cross-bill in this case was filed before the order of removal was entered, and sets up a special equity, the right of the complainant in the cross-bill to have the decree of the probate court admitting the alleged fraudulent will to probate set aside and said will expunged from the record. Kelen v. Brewer, supra; Herring et al. v. Ricketts et al., 101 Ala. 340, 13 So. 502.

■ The right to equitable relief asserted in the cross-bill, if sustained by the proof, is sufficient to uphold it, though the complainant in the original bill fails. Bell v. McLaughlin, 183 Ala. 548, 62 So. 798.

The decree of the circuit court in so far as it overrules the demurrers to the cross-bill is affirmed, and otherwise it is reversed and the cause is remanded. Appellee Brewer is taxed with the costs of the appeal.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.