124 So.2d 553

Crawford H. DOWNS

v.

F. Jean PHARIS et al.

No. 45417.

Oct. 14, 1960.

Reasons for Judgment Rendered Nov. 7, 1960.

Stafford & Pitts, Gold, Hall & Skye, White, Holloman & White, Gist, Murchison & Gist, Angelo M. D'Angelo, Provosty McSween, Sadler & Scott, Alexandria, for applicant.

Downs & Gremillion, Gravel, Sheffield & Fuhrer, J. B. Nachman, Alexandria, for respondent.

McCALEB, Justice.

In conformity with the provisions of R.S. 18:364, which require disposition of cases of this character within twenty-four hours after submission, and giving particular consideration to the exigencies of the matter as relates to time, we herewith hand down our decision—the reasons for which will follow in due course.

The writs herein granted are made peremptory; the judgment of the Court of Appeal, reversing the ruling of the district judge, which sustained defendant's motion to dismiss the cause on the ground it is moot, is annulled and set aside and it is now ordered that the ruling of the district court sustaining defendant's motion be and it is approved and affirmed.

The costs of these proceedings are to be paid by plaintiff-respondent.

### Reasons for Judgment

Following the Democratic Second Primary election held on August 27, 1960 for the office of district attorney for the Ninth Judicial District, the Rapides Parish Democratic Executive Committee certified F. Jean Pharis as the Democratic nominee on the basis of returns showing that he had received 13,045 votes to 12,999 votes for his opponent, Crawford H. Downs, or a majority of 46 votes.

Within the time prescribed by law, Downs instituted this suit under the provisions of R.S. 18:364, contesting Pharis' nomination, principally on the ground that the Absentee Voter Law, R.S. 18:1071–1081, as amended by Act 254 of 1960, is unconstitutional; that the 746 absentee ballots cast in the Second Primary election for the office of district attorney (of which Pharis received 426 votes as against 320 votes for Downs) be declared invalid and that, deducting these allegedly illegal votes from the total cast for each candidate in the election, would result in plaintiff receiving a majority of the votes cast, entitling him to be named Democratic nominee for district attorney. Alternatively, contestant sought a recount of all votes cast which he asserted would show that he received a majority of the legal votes and is, therefore, entitled to be declared party nominee and certified as such.

The Rapides Parish Democratic Executive Committee was made a co-defendant in the suit and it joined with defendant in filing an exception of no cause of action which was sustained by the district judge on September 10, 1960. In dismissing the suit on the exception, the judge upheld the constitutionality of the Absentee Voter Law (R.S. 18:1071–1081) and decreed, as to the alternative demand, that plaintiff was not entitled to a recount, in view of the deci-

sion in Lewis v. Democratic Executive Committee of Eunice, 232 La. 732, 95 So. 2d 292, holding that it is not feasible to recount votes registered on voting machines. Plaintiff then appealed to the Court of Appeal, Third Circuit, and, on September 16th, that court heard arguments and rendered its judgment, affirming the trial judge's opinion upholding the constitutionality of R.S. 18:1071–1081. However, being of the opinion that, whereas the votes registered on the voting machines could not be recounted, plaintiff was entitled to a recount of the absentee ballots under R.S. 18:364, the court maintained plaintiff's alternative demand and remanded the case for a recount of the absentee ballots. See Downs v. Pharis, La.App., 122 So.2d 862.

On September 20, 1960, both parties applied here for writs to review these rulings, insofar as each was adversely affected, and, on September 22nd, the applications were denied. After notification of the parties on September 23, 1960 of the action of this Court, opposing counsel contacted the district judge to have the case set for trial on its remand. On September 26th, the judge fixed the hearing for September 30th, at which time plaintiff began submitting evidence to lay the foundation for the opening of the envelopes containing the absentee ballots. Approximately 150 witnesses were called to the stand by plaintiff to establish that the ballots sought to be recounted had not been tampered with since the election.

Hearing of this testimony was concluded on October 7th and the judge ordered a recount for Monday, October 10th at 9:00 a. m. On that date, defense counsel filed a motion objecting to the recount on the ground that an examination of the ballots would violate the secrecy of the ballot of many absentee voters because the numbered tabs or stubs had been left on the ballots and it might thus be possible to discover the manner in which some of the electors cast their votes. The judge denied this motion and defense counsel immediately served notice on him of their intent to apply to the Court of Appeal for remedial writs. The judge then recessed court to allow counsel to file their application, which was done on the same day. On the following day, October 11th, the Court of Appeal, having granted a stay order effective until 11:00 a. m., denied the writs, whereupon the district judge ordered that the recount begin at 1:30 p. m. When court was convened at that time, defendants filed a motion to dismiss on the ground that plaintiff's case had become moot in view of the provisions of R.S. 18:362 and Act 254 of 1960, amending R.S. 18:1072. The pertinent portions of the statutes relied on by defendants read as follows:

Act No. 442, Sec. 1 of 1956, amending R.S. 18:362. "* * * However, if for any reason any contest filed in court is not finally decided in the district court *in time to print* the name of

the nominee of the party upon the ballot before the election, the political party committee shall certify the name of the contestee in the suit filed, which name shall be printed upon the ballot as the nominee of the party. No court has jurisdiction to enjoin such action. * * *" (Emphasis ours).

And R.S. 18:1072, as amended by Section 2 of Act 254 of 1960, provides

"The Secretary of State *shall* furnish to the clerk of the district court for each respective parish and to the civil sheriff for the parish of Orleans, *at least thirty days prior to* any primary, special or *general election, printed ballots* stamped 'Absentee Ballots', in an amount equal to ten percent of the registration * * *". (Emphases ours.)

Thus it was, and is, the position of the defendants that, inasmuch as the case had not been decided in the district court and there were less than thirty days remaining from October 11th to November 8, 1960, the date of the General Election, plaintiff's right and cause of action had abated under the plain provisions of R.S. 18:362.

The trial judge sustained the motion and dismissed plaintiff's suit as moot but, before his judgment could be signed, plaintiff applied to the Court of Appeal, Third Circuit, for remedial writs. The application was granted and, on the following

day, October 12th, the appellate court, by a four to one vote, reversed the ruling of the trial judge and ordered him to proceed with a recount of the absentee votes. However, on the next day (October 13, 1960) Pharis invoked our supervisory jurisdiction in the case and, being of the opinion that the judgment of the Court of Appeal was erroneous, we granted remedial writs which were submitted on October 14th, on which day we handed down our decree sustaining defendant's motion to dismiss. We herewith set forth the reasons for our ruling.

■ Initially, it is well to point out that it is the firmly-established jurisprudence that all elections and matters relating to and affecting them belong to the political department of government and are, therefore, ordinarily beyond the control of the judicial power in the absence of special constitutional or statutory authorization. Reid v. Brunot, 153 La. 490, 96 So. 43 and cases there cited.

Our judicial power in contested election cases emanates from a statute enacted pursuant to Section 12 of Article 8 of our Constitution declaring that "The Legislature shall provide by law for the trial and determination of contested elections of all public officers, whether State, district, judicial, parochial, municipal or ward * * *". Conformably with this mandate, the Legislature adopted Act 46 of 1940, the provisions of which were incorporated, substantially in their original form, in the Revised

Statutes as R.S. 18:281, et seq., " * * * and the procedures therein contained are sui generis". See State ex rel. Vullo v. Plaquemines Parish Police Jury, 238 La. 328, 115 So.2d 368, our most recent expression on this subject.

■ Hence, it is manifest that one contesting an election secures only such rights as are given him by the election laws of the State. Under the clear and express provisions of R.S. 18:362, the contest herein has abated for the statute, more fully quoted above, declares " * * * if for any reason any contest filed in court is not finally decided in the district court in time to print the name of the nominee upon the party ballot before the election, * * * " then the name of the contestee in the suit shall be printed on the ballot as the nominee of the party and no court has jurisdiction to enjoin such action.

■ The majority view of the Court of Appeal was that the action here did not abate because the ballots had not been printed by the Secretary of State at the time the judge sustained defendant's motion to dismiss. This view, we think, fails to take into account and give full effect to the mandatory provisions of the Absentee Ballot Law (R.S. 18:1072), which is a law in pari materia with R.S. 18:362, requiring the Secretary of State to furnish the clerk of the district court printed ballots for absentee voting " * * * at least thirty days prior to any primary, special or general election, * * * ".

■ In the case at bar, it appears that Downs secured a temporary order from the Nineteenth Judicial District Court for the Parish of East Baton Rouge restraining the Secretary of State from printing the official ballots for the general election to be held in Rapides Parish on November 8th. This order was properly issued originally, at a time more than 30 days before the general election, if the contestant had cause to believe that the ballots would be printed and sent to the clerk of court. But, obviously, in view of R.S. 18:362, R.S. 18:-1072 and the jurisprudence to which we have referred, the judge who issued the restraining order was without power or authority to extend that injunction against the Secretary of State to any date beyond the time (30 days) when the Secretary of State was required by law to furnish the clerk of the district court with the printed ballots, save possibly in an exceptional matter showing fraud or gross wrongdoing, which does not appear in this case.

The Court of Appeal thought that our decision in Waguespack v. Richard, 220 La. 859, 57 So.2d 748 was controlling here. In that case, a district judge refused to sign his judgment in an election contest within the time prescribed by law, taking the position that the time for printing the ballots had already passed and, under R.S. 18:362, the contestee should be certified as the

party nominated. On a writ of mandamus to compel him to sign the judgment, we held that the judge, not being a litigant, was without right or interest to raise this point and that he was required to perform a simple ministerial duty in signing the judgment.

We do not find the decision in that case appropriate for the reason that it is the contestee here who, as the interested party, has the legal right to invoke the provisions of the election laws.

The basic error we find in the opinion of the Court of Appeal in this case is that it applied a factual situation as governing the operation of R.S. 18:362. When the statute declares that if, for any reason, the election contest is not finally decided in the district court "in time to print the name of the nominee of the party upon the ballot", it means within the time provided by law and not whether factually the Secretary of State has printed the ballots or has not printed them, either because of a court injunction, failure to observe the mandatory provisions of R.S. 18:1072, or otherwise.

In their opposition to defendant's application for writs, counsel for plaintiff alleged that Pharis, through his attorneys, has engaged in "Highly technical and repeated dilatory tactics * * * in an obvious effort * * * to prevent Respondent from being accorded his rights to a final judicial determination of all of the issues involved in this case, and particularly to his rights to a recount under the provisions of Article 8, Section 12 of the Louisiana Constitution and R.S. 18:364."

It is to be noted that the charges of dilatory tactics are directed at Pharis and his counsel; no claim whatever is made that the district judge delayed hearing in the case or that he acted in any manner other than with fairness and impartiality to the litigants. Indeed, the record reveals that the trial judge recognized the necessity of prompt action in a case like this and that he acted with dispatch in bringing the case to trial and disposing of the issues presented to him.

So far as the charges against Pharis and his counsel are concerned, we think it fair to say that, whereas they have filed many motions and objections during the course of the proceedings, which they had a right to do, it does not appear that these legal points were without arguable substance or that they were filed merely for purposes of delay. As a matter of fact, the apparently long delay occurring between the time this Court refused remedial writs (September 22, 1960) and the date on which the recount was actually ordered (October 10, 1960) was due in the main to the hearing of over 150 witnesses summoned by plaintiff for the purpose of showing that the envelopes containing the absentee ballots in each particular precinct had not been tampered with since the

election, a condition precedent to his right to a recount.

For convenience, we repeat herewith the decree which was handed down by us in this matter on October 14, 1960.

The writs herein granted are made peremptory; the judgment of the Court of Appeal, reversing the ruling of the district judge, which sustained defendant's motion to dismiss the cause on the ground it is moot, is annulled and set aside and it is now ordered that the ruling of the district court sustaining defendant's motion be and it is approved and affirmed.

The costs of these proceedings are to be paid by plaintiff-respondent.