REGAN, Judge.
For the reasons which will be hereinafter handed down:
It is ordered, adjudged and decreed that the motion to dismiss the appeal herein be sustained and the appeal is dismissed.
Motion sustained; appeal dismissed.
Reasons
Plaintiff, Robert J. Zibilich, an unsuccessful candidate for the Democratic nomination as councilman for the City of New' Orleans, representing District C, instituted this suit against the defendant, the Orleans Parish Democratic Executive Committee et al.,[1] endeavoring to be recognized as the Democratic nominee, a position which he insists that he was deprived of through irregularities which occurred in the conduct of the primary election. Alternatively, he asserted that he is entitled to compete for the nomination in a second primary against John J. Petre, who the committee certified as the party nominee after the official tabulation revealed he had obtained a majority of 97 votes.
Defendants pleaded the exception of no cause of action, asserting that the plaintiff failed to allege sufficient irregularities, even if proven, to afford plaintiff the benefit of a majority of the votes cast.
They then answered and generally denied the allegations of plaintiff’s petition.
From a judgment dismissing plaintiff’s suit,[2] he has prosecuted this appeal.
Counsel for defendants have filed in this court a motion to dismiss the appeal, asserting that by virtue of the rationale of LSA-R.S. 18:362, and the jurisprudence interpretative thereof, the election contest has become moot. The pertinent portion of the statute reads:
“ * * * Plowever, if for any reason any contest filed in court is not finally decided in the district court in time to print the name of the nominee of the party upon the ballot before the election, the political party committee shall certify the name of the contestee in the suit filed, which name shall be printed upon the ballot as the nominee of the party. No court has jurisdiction to enjoin such action.
Plaintiff’s suit, contesting the result of the April 15th primary, was dismissed by a judgment of the district court rendered on May 2, 1961. The general election is scheduled for May 27th, and in the course of oral argument before us on May 9th, a printed ballot, furnished by the Secretary of State to the Civil Sheriff in Orleans Parish, for the purpose of conducting absentee voting, was shown to this court; it included the name of Petre as the Democratic nominee for the disputed coun-cilmanic ' seat and it ■ is conceded that absentee balloting is now in progress,
In asserting that the contest is moot, counsel for the defendants rely upon the rationale of a decision emanating from the *862 Supreme Court entitled Downs v. Pharis,[3] wherein the organ thereof expressed the opinion that an election contest is moot when it is not decided more than thirty days before the general election, since the court is powerless to enjoin the Secretary of State from performing a ministerial duty, as outlined in the statute.[4] In the above case the court reasoned thus:
“In the case at bar, it appears that Downs secured a temporary order from the Nineteenth Judicial District Court for the Parish of East Baton Rouge restraining the Secretary of State from printing the official ballots for the general election to be held in Rapides Parish on November 8th. This order was properly issued originally, at a time more than 30 days before the general election, if the contestant had cause to believe that the ballots would be printed and sent to the clerk of court. But obviously, in view of R.S. 18:362, R.S. 18:1072 and the jurisprudence to which we have referred, the judge who issued the restraining order was without power or authority to extend that injunction against the Secretary of State to any date beyond the time (30 days) when the Secretary of State was required by law to furnish the clerk of the district court with the printed ballots, save possibly in an exceptional matter showing fraud, or gross wrongdoing, which does not appear in this case.”
Counsel for the plaintiff initially assert that the motion should be denied because special elections are governed by the provisions of LSA-R.S. 18:305, rather than LSA-R.S. 18:362. LSA-R.S. 18:305 provides :
“A. Whenever a special election is held to fill a vacancy for an unexpired term caused by death, resignation, or otherwise of an officer, the respective committees having authority to call primary elections to nominate candidates for the office may fix the date at which a primary shall be held to nominate candidates in the special election, which date shall not be less than ten days after the issuance of the order for the special election. * * *
“B. This committee may do the things above set forth without reference to provisions in this Part referring to other primary elections. However, in fixing the dates and hours the committee shall grant as much time for the performance of the acts required as is reasonably practicable.”
Plaintiff insists that since this is a special election, the court could either order a new election or a second primary and thereby cause the Secretary of State to remove the name of Petre as the Democratic nominee because LSA-R.S. 18:362 is not a legal mandate to the Secretary of State in cases of special elections.
This contention, we believe, possesses no merit in view of the provisions of LSA-R.S. 18:1072,[5] which reads:
“The Secretary of State shall furnish to the clerk of the district court for each respective parish and to the civil sheriff for the parish of Orleans, at least thirty days prior to any primary, special or general election, printed ballots stamped ‘Absentee Ballot’ * * *. As amended Acts 1960, No. 254, § 2.” (Emphasis added).
Therefore, it is clear from this recently amended statute that the provisions of LSA-R.S. 18:305 are not intended to exempt the Secretary of State from performing the legislative mandate of fur *863 nishing absentee ballots to the necessary-parish officials thirty days before the election, despite the fact that it is characterized as a special election.
In the final analysis, counsel for the plaintiff argue that LSA-R.S. 18:362, as interpreted by the Downs case, in effect deprives the aggrieved candidate of his right to question the result of an election. Counsel emphatically point to the fact that there was insufficient time for the complaining candidate to have the merits of his case disposed of in the district court and, additionally, to have the lower court decree, if unfavorable, reviewed by an appellate tribunal.
We have not drawn the judicial veil so tightly around us so as to cause us to fail to recognize the real, practical and equitable characteristics of the foregoing contention; however, it is one which more properly addresses itself to the wisdom of the legislature rather than the judiciary, the very nature of which is its civil function as an interpreter, rather than a creator, of the law. Hence, it is clear that one contesting an election possesses only such rights as are afforded him by the election laws of this State.
The jurisprudence is well-settled to the effect that election matters are beyond the control of the judiciary in the absence of special authority granted to it either by statutory or constitutional authorization.[6]
For the sake of coherence, we reiterate herein the decree which was rendered by us in this matter on May 9, 1961.
For the reasons assigned, the motion to dismiss is sustained and this appeal dismissed at plaintiff’s cost.
Motion sustained; appeal dismissed.

. The other defendants cited are Alvin W. Lacoste, another unsuccessful candidate for the disputed councilmanic seat; John J. Petre, the certified Democratic irominee; and Wade O. Martin, Jr., Secretary of State of the State of Louisiana.

. This cause was tried on the merits below, and the trial judge concluded that the plaintiff failed to prove allegations of fraud and irregularities sufficient to change the result of the primary election.

. 240 La. 580, 124 So.2d 553, 557.

. LSA-R.S. 18:362.

. This statute is in pari materia with LSA-R.S. 18:362.

. Downs v. Pharis, 240 La. 580, 124 So.2d 553; Reid v. Brunot, 153 La. 490, 96 So. 43.