PER CURIAM.
This is an election contest. Defendant, P. A. Martin, Jr., was certified by the Iberville Parish Democratic Executive Committee as the nominee of the party for the office of Police Juror in Ward 9 of that Parish. Plaintiff herein filed this petition alleging that had the absentee ballots cast in the election been properly counted by the Commissioners at the polls in Ward 9, he, rather than defendant, would have received a majority of the votes cast.
The petition was filed on December 20, 1967, but proper service was not made on the defendant, due to an error made by a deputy sheriff.
Exceptions to the jurisdiction of the court based on the improper service were heard and disposed of by the court on December 28th and 29th, and proper service was made on defendant on December 29th. Under the provisions of R.S. 18:364, defendant had five days from that date to *612 file answer. However, the case was set for a hearing on a motion for appeal filed by defendant on January 2, 1968, the next judicial day, at which time the motion was denied.
A pretrial conference was held on January 3, 1968. The minute entry of the court on that day reads as follows:
“At the suggestion of I. Edwin Henderson and on approval of all counsel concerned, all of the exceptions in these cases are set for hearing at 9 o’clock A. M., Friday, January 5, 1968, and the trial of these two cases on the merits is set for Tuesday, January 9, 1968 at 9 o’clock A. M.”
Pursuant to the above entry the exceptions were heard on January 5 and an exception of. vagueness was maintained, plaintiff being granted until the morning of January 9, the date on which the case was fixed for trial on the merits, to amend his petition. The amendment was filed by plaintiff on that day.
On the same day defendant made an oral motion to dismiss the case on the ground that it had become moot. Evidence was introduced which showed that the absentee ballots for the general election had been prepared by the Secretary of State and received at the office of the Clerk of Court, and that five of them had been mailed out to service men and students. After oral argument, the district court granted the motion to dismiss, from which judgment plaintiff has brought this appeal.
The court based its judgment on the provisions of R.S. 18:362 the relevant portion of which reads as follows:
“However, if for any reason any contest filed in court is not finally decided in the district court in time to print the name of the nominee of the party upon the ballot before the election, the political party committee shall certify the name of the contestee in the suit filed, which name shall be printed upon the ballot as the nominee of the party. No court has jurisdiction to enjoin such action.”
R.S. 18:1072 provides that the Secretary of State shall furnish absentee ballots to the Clerk of Court at least 30 days prior to any general election except where there is an election contest in which case he must furnish the ballots not less than 20 days before the election.
The courts of this state have held on a number of occasions that as of the date on which the Secretary of State is required to furnish the absentee ballots, any election contest then undecided becomes moot and must be dismissed. Downs v. Pharis, 240 La. 580, 124 So.2d 553; Zibilich v. Orleans Parish Democratic Executive Com., 129 So.2d 860 (La.App. 4th Cir., 1961); Love v. Cross, 158 So.2d 614 (La. App.3rd Cir., 1963).
It may be that as of the date on which the case was dismissed by the trial judge it was not moot in view of the fact that there was an election contest and more than 20 days intervened between that date and the election date. However it was admitted by counsel in argument before this court on January 17, 1968 that if this court was to give effect to the provisions of R.S. 18:362, the case had become moot, since less than 20 days intervened between the hearing date and the date of the general election, February 6,1968.
However, it is contended that because of the delays which occurred after suit was filed which allegedly prevented plaintiff from trying his case on the merits, all such delays being attributed by plaintiff to the defendant or the trial court, R.S. 18:362 was unconstitutional in the manner in which it was applied in this case and that he therefore did not receive due process of law.
We have examined the record and transcript of this case thoroughly and are unable to find any delays in the trial occasioned by the fault of the trial court. Any undue delay which may have occurred due *613 to the insufficiency of the pleadings filed herein, or to the failure of the sheriff properly to make service on the defendant can certainly not be attributed to the fault of anyone else connected with this case. The defendant is certainly entitled to file and have heard all relevant pleadings which he might consider appropriate and certainly there appears to be nothing frivi-lous in the matters which were brought before the district court.
We are therefore of the opinion that due process of law was not denied plaintiff in this case.
Defendant has filed in this court a motion to dismiss based on the legal premise that this case is now moot in view of the fact that less than 20 days remain before the date of the general election and in further view of the fact that this case has not been decided on the merits. Under the clear provisions of R.S. 18:362, R.S. 18:1072, and the holding of Downs v. Pharis, supra, we are of the opinion that this motion is well taken and that this suit should be now dismissed at plaintiff’s costs.
Dismissed.