PER CURIAM.
This is an election contest suit in which the contestee, Merval J. Landry, is appealing from the judgment of the trial court declaring contestant, Herman A. Plessala, to be the Democratic nominee for the office of Member, School Board, St. Mary Parish, Ward 8, pursuant to a primary .election held September 26, 1970.
The basis of plaintiff’s action was, in essence, that a number of absentee ballots cast for appellant were spoiled and illegally credited to appellant by the St. Mary Parish Democratic Executive Committee which promulgated the results of the primary election on September 30, 1970. The Committee found that plaintiff Plessala received a total of 931 votes cast on the voting machines to 701 machine votes for defendant Landry. It further appears that defendant Landry received 346 absentee ballots to Plessala’s 109, giving Landry a total of 1,047 to 1,040 for plaintiff-appellee.
The trial court rejected as spoiled 28 ballots cast for appellant and 12 cast for plaintiff-appellee and rendered judgment declaring Plessala the winner by a vote of 1,028 to 1,021.
This action was filed October 2, 1970, and tried October 8, 1970, judgment being rendered that same day at 8:00 P.M. On October 10 an appeal was taken, made returnable to this court on October 13, 1970. The record was filed in this court on the afternoon of October 13, 1970, and was promptly set for hearing for October 15, 1970. Appellee’s brief was filed herein on the afternoon of October 14, 1970, and appellant’s brief on the morning of October 15, 1970.
In this case both appellant and appellee have filed numerous motions including ap-pellee’s motion to dismiss on the ground that- this matter has become moot. Since we find that under the law and jurisprudence this case is moot, it is unnecessary for us to consider any of the other issues.
Apropos the question of mootness are the provisions of LSA-R.S. 18:1072 and 362, which provide in part as follows:
R.S. 18:1072
“The Secretary of State shall furnish to the clerk of the district court for each respective parish and to the civil sheriff for the parish of Orleans, at least thirty days prior to any primary, special or general election,'printed ballots stamped ‘Absentee Ballot,’ in an amount equal to ten percent of the registration, together with the necessary envelopes, certificates and instructions for use in voting as an absentee in the election under this Part; except that if a suit shall be filed challenging the candidacy of any candidate in any election held in any ward, parish, district, or statewide, the Secretary of State shall furnish the absentee ballots as provided for herein for such election in the particular governmental subdivision affected by such suit not less than twenty days before the election." (Emphasis supplied)
R.S. 18:362
“ * * * However, if for any reason any contest filed in court is not finally decided in the district court in time to print the name of the nominee of the party upon the ballot before the election, the political party committee shall certify the name of the contestee in the suit filed, which name shall be printed upon the ballot as the nominee of the party. No court has jurisdiction to enjoin such action. However, should the district court render judgment in a contest in time to print the name of the successful litigant upon the ballot, the name of the successful litigant shall be printed upon the ballot as the nominee of the party, if no decision on appeal is had prior to the printing of the ballots.”
In construing the above statutory provisions, we recently stated in Oliver v. Mar *300 tin, La.App., 209 So.2d 611, certiorari denied, 251 La. 690, 205 So.2d 606, as follows:
“The courts of this state have held on a number of occasions that as of the date on which the Secretary of State is required to furnish the absentee ballots, any election contest then undecided becomes moot and must be dismissed. * * (Cases cited)
“It may be that as of the date on which the case was dismissed by the trial judge it was not moot in view of the fact that there was an election contest and more than 20 days intervened between that date and the election date. However it was admitted by counsel in argument before this court on January 17, 1968 that if this court was to give effect to the provisions of R.S. 18:362, the case had become moot, since less than 20 days intervened between the hearing date and the date of the general election, February 6, 1968. * * *
% ‡ ‡ # ‡ “Defendant has filed in this court a motion to dismiss based on the legal premise that this case is now moot in view of the fact that less than 20 days remain before the date of the general election and in further view of the fact that this case has not been decided on the merits. Under the clear provisions of R.S. 18:362, R.S. 18:1072, and the holding of Downs v. Pharis [240 La. 580, 124 So.2d 553], supra, we are of the opinion that this motion is well taken and that this suit should be now dismissed at plaintiff’s costs.”
Counsel for appellant contends that LSA-R.S. 18:1072 and 362 are unconstitutional in that they violate the provisions of Louisiana Constitution Article 8, Section 12, which states that the Legislature shall provide by law for the trial of contested election cases. In this regard counsel argues the purpose of the constitutional provisions is to insure the hearing of an election suit by due process in all instances and that the pertinent statutes do not serve this purpose because insufficient time is permitted to guarantee that all such election suits may be heard and run through both the trial and appellate process.
This same argument, in effect, was considered and rejected in Zibilich v. Orleans Parish Democratic Executive Committee, La.App., 129 So.2d 860, in which we note the following:
“In the final analysis, counsel for the plaintiff argue that LSA-R.S. 18:362, as interpreted by the Downs case, in effect deprives the aggrieved candidate of his right to question the result of an election. Counsel emphatically point to the fact that there was insufficient time for the complaining candidate to have the merits of his case disposed of in the district court and, additionally, to have the lower court decree, if unfavorable, reviewed by an appellate tribunal.
“We have not drawn the judicial veil so tightly around us so as to cause us to fail to recognize the real, practical and equitable characteristics of the foregoing contention; however, it is one which more properly addresses itself to the wisdom of the legislature rather than the judiciary, the very nature of which is its civil function as an interpreter, rather than a creator, of the law. Hence, it is clear that one contesting an election possesses only such rights as are afforded him by the election laws of this State.
“The jurisprudence is well-settled to the effect that election matters are beyond the control of the judiciary in the absence of special authority granted to it either by statutory or constitutional authorization.”
We judicially note that the general election for the office involved in this litigation has been called to be held November 3, 1970, which is less than twenty days from this date.
We concur in the reasoning quoted from Zibilich from above. The procedure set *301 forth by Sections 1072 and 362 above is the only procedure which the Legislature has seen fit to adopt. We are cognizant that should we declare these statutes unconstitutional, there would be no legislatively authorized procedure whatsoever for the contesting of an election.
The costs are to be paid by appellant, Merval J. Landry.
Appeal dismissed.