li>PER CURIAM.
Fox McKeithen, Secretary of State, has appealed the trial court’s order granting writs of mandamus and injunction. The mandamus orders him to take all steps to place propositions regarding riverboat gaming in Cameron Parish on the ballot for the election of November 5, 2002. The injunction restrains him from taking any steps or performing any acts that would cause those propositions to be removed from the ballot. Appellees, the Cameron Parish Police Jury and Earnestine T. Horn, have moved to dismiss this appeal on the ground that the appeal is moot.
Appellees rely on a line of cases developed in the 1960s and 1970s that held that as of the date on which the Secretary of *10 State is required to furnish the absentee ballots, any election contest then undecided becomes moot and must be dismissed. Downs v. Pharis, 240 La. 580, 124 So.2d 553, 557 (1960); Plessala v. Landry, 244 So.2d 298, 300-301 (La.App. 1st Cir.), writ denied, 257 La. 853, 244 So.2d 608 (1970); Oliver v. Martin, 209 So.2d 611, 612 (La.App. 1st Cir.), writ denied, 251 La. 690, 205 So.2d 606 (1968); Zibilich v. Orleans Parish Democratic Exec. Comm., 129 So.2d 860, 863 (La.App. 4th Cir.1961); Fuselier v. Bertrand, 221 Ala. 445, 129 So. 2d 583, 586 (La.App. 3d Cir.1961). Under the old closed primary system, each political party held an election to determine its candidate for the general election. If the district court could not render a final judgment in a contest over the winner of the party primary in time to print absentee ballots for the general election, the political party committee was authorized by statute to “certify the name of the contes-tee.” At that point the court challenge became moot.
Those cases all relied on a statute which is no longer part of our election code, LSA-R.S. 18:362. The Legislature overruled those cases when it enacted LSA-R.S. 18:1405B in the current election code, which prohibits declaring moot an election contest “involving election to office” because of the performance or nonperformance of a ministerial function, including matters ‘relating to the printing of ballots for the general election.’ Thus, the line of cases relying on LSA-R.S. 18:362 no longer had validity under tlie current election code.
Appellees also cite two cases in which suits seeking to prevent elections from being held were declared moot because the elections had already taken place by the latime the case reached the appellate courts. Ponds v. Treen, 407 So.2d 671 (La.1981); Jones v. Natchitoches Parish Police Jury, 371 So.2d 1243 (La.App. 3rd Cir.1979). Those cases are inapplicable here .because the election on these riverboat gaming propositions has not been held.
Finally, appellees cite two cases on mootness, Silliman Private School Corp. v. Shareholder Group, 2000-0065 (La.App. 1st Cir.2/16/01), 789 So.2d 20, writ denied, 2001-0594 (La.3/30/01), 788 So.2d 1194, and Johnson v. Johnson, 599 So.2d 450 (La.App. 2d Cir.1992), which hold that where injunctive relief is sought to prevent specifically threatened future conduct and the act sought to be enjoined has been committed, there can be no ground for an injunction and the appeal is thus moot. According to the affidavit of the Cameron Parish registrar of voters attached to ap-pellees’ motion, these propositions are included on the absentee ballot. Appellant has not taken the action sought to be enjoined, the election has not been held, and the matter before us on appeal is not moot.
MOTION DENIED.